Curia.

It is not competent for a party thus to buy a judgment conditionally for the purpose of setting it off. *He is bound to become the absolute proprietor for that purpose. He must purchase, and incur the risk of set-off him-' self; not come, as here, in the light of a mere agent. There is no interest in Yan Slyck and Pardee; and we might as well grant this motion without the form of-a transfer, as .to allow if under these circumstances.
Motion denied.[1]

 Courts of law have the right, growing out of their equitable jurisdiction over their suitors, (14 Johns 15; 1 Johns. Ch. Rep. 94,) of setting off judgments recovered in the same or different courts, and of directing the balance due after such set-off, alone to be collected by execution. (3 Caines, 190; 1 Johns. Rep. 144; 3 Johns. Rep. 247.) And, as a general rule, where the judgments are in different courts, either may direct .the set-off; .(1 M. & Selw. 696; 1 Caines, 190; 1 Johns. Ch. Rep. 94; 1 Johns. Rep. 146;) although it has been held, that where a judgment of reversal had been obtained in this court, of a judgment in the common pleas, and restitution awarded, and after-wards a seeond judgment obtained by the same plaintiff, against the same defendant in the.common pleas, that court might set off the judgment of reversal, against the second judgment, but this court wotildmot do it. (1 Johns. Rep. 144.) This right of set-off also.applies, not merely to judgments in'different courts of record, but has been extended to judgments in justices’ courts; (8 Cowen, 126;) although, where the judgment in the justice’s court was on an attachment, where the defendant did not appear, it has been refused, the judgment being regarded as merely prima fade, and not conclusive evidence ■of a debt. (6 Cowen, 598.) Nor is it confined to the original parties, but ■extends to .assignees of judgments in courts of record, (7 Cowen, 480,) where the'judgment is purchased absolutely, and not merely with a view to .the set-off, and under a stipulation, if not set off, that the assignment shall be void; (7 Cowen, 469;) although it is doubtful, whether the principle can be extended to the assignee of a justice’s judgment; and it would seem not, unless a plain undisputed case were presented. (3 Wendell, 331.) And.it seems, that in no case, can a-party setoff a judgment, unless he be thebeneficial, as well as the nominal owner of it. (8 Cowen, 480; 1 Paige, 289.)
In testing the right to a set-off, it is not necessary that the judgment
*470 should be in the same right; it is enough, if the judgment prayed to be set off, may be enforced at law, against the party recovering the judgment to be satisfied by the set-off; as when in an action of assault and battery, a judgment was recovered against two defendants, and in a cross action, a judgment was also recovered by one of them against the plaintiff in the first, it was held, that those judgments were proper matters of set-off, inasmuch as cither defendant was liable in the first action, to the whole amount, without the right to a contribution from his co-defendant. (14 Johns, 63.) So, a separate demand for costs payable to A., may be set off against a joint demand for costs payable by A., and others. (Barnes, 46.) But the costs of a defendant who is acquitted, will not be set off against those of one who is convicted; (2 Wendell, 247;) although, where the plaintiff recovered damages against four defendants, three of whom were indemnified by the other, who had recovered against the plaintiff in a former action, the 0. P. in England held that the damages and costs in the former action, might be set off against the damages and costs in the present. (1 Moore & Payne, 141 S. C. 4; Bing. 423; see 8 Bing. 61.) Nor will a judgment recovered by A., against B., and 0., be set off against a judgment recovered by the assignees of B., against A., inasmuch as the interests of third persons intervene. (3 East, 147; et vide 5 Cowen, 231; 5 Wendell, 347, 371; 3 B. & B. 294.) And in a late case in England, it was held that a judgment for the plaintiff in the C. P., might be set off against a judgment for the defendant in the K. B., although the plaintiff was dead, and the judgment was assets in the hands of his administrator. (8 Bing. 29.)
In no case, however, will the court direct a set-off to be made, unless the party applying has obtained a judgment; (Barnes, 146;) and it will therefore be refused in the case of a note; (10 Wendell, 615; or even where a verdict has been obtained; 2 Dowl. Pr. Cas. 157 ;) although, where, by an order at nisi prius, a verdict had been entered for the plaintiff, and he, by the same order agreed to pay the defendant 701, the C. P. in England allowed that sum to be set-off against the plaintiff’s judgment. (8 Bing. 202; see also, 4 Bing. 16.) But a set-off will not be allowed, even after judgment, unless it be at too late a stage of the cause, for the party to avail himself of the set-off by way of plea, or where he might have tried it in the original action. (6 Taunt. 176.) And where the plaintiff, having obtained a verdict against the defendant, entered up judgment, and sued out execution against his goods, the 0. P. in England refused to allow the sum levied, to be impounded in the hands of the sheriff, until tee action, which the defendant had commenced against the plaintiff, as the acceptor of a bill of exchange, should be determined. (10 Moore, 321.) Nor will a judgment be set off, where the party against whom the set-off is asked, has been arrested, and is in custody on a ca. sa., that being regarded as a satisfaction of the debt; (1 Cowen, 56; 3 Wendell, 184; 9 Wendell, 241; 11 Wendell, 41;) although, if the party be afterwards discharged under an insolvent act, or escape from the ca. sa., (5 Wendell, 240,) the right to a set-off is restored. (1 Cowen, 206; see 3 Paige, 366.)
In these cases, it was formerly the practice to regard the attorney's lien, and to set off only the portion of the judgment, which did not belong to him.
*470-1 (2 Caines, 105; 3 Johns. Rep. 241.) The rale now, however, as we have already seen, is otherwise; and a judgment for costs only, will be aet off against another judgment, on motion, notwithstanding the attorney’s lien, and although the judgment be assigned to him, by his client, as security for his costs, of which notice is given to the opposite party, with directions not to arrange the costs with the client; (2 Cowen, 206; 12 Wendell, 261;) (although it is otherwise in equity; 1 Paige, 622; ante, 62:) the only cases where the attorney’s lien is regarded, being, where the parties, by a collusive settlement, attempt to deprive him of his costs, and where no equitable right of set-off is claimed; (15 Johns. 405; 1 Cowen, 172;) or, where a party, against whom a judgment for costs has been obtained, subsequently purchases a judgment with a knowledge of, and for the purpose of defeating the attorney’s lien. (4 Cowen, 416; see also, 13 Wendell, 649.)
The right of set-off has been also recognized, in relation to interlocutory costs. Thus, where a plaintiff, after giving notice'of trial, withdrew his record, and the defendant obtained a rule for the payment of the costs of the day, which were taxed, and at the next assizes the plaintiff obtained a verdict, which was afterwards set aside on payment of costs, the K. B. held, that the defendant might set off the costs due to him, against those payable by him, on the rule for the new trial. (9 B. & C. 160.) So, where the trial of an ejectment cause had been put off, at the instance of the defendant, upon his undertaking to pay the costs of the day, and a verdict was subsequently rendered for the defendant, it was held that the interlocutory costs, so due to the lessor of the plaintiff, might be set off against the costs of the verdict. (8 Bing. 330.) So, where costs had been ordered against the defendent, on the denial of a motion for a commission, on the ground of irregularity, and afterwards he obtained costs against the plaintiff, for neglecting to proceed to trial, the superior court of New York, on the application of the plaintiff, directed the costs to be set off, notwithstanding the defendant had been attached for the former costs, and was then on the limits; and held, that the principle applicable in the case of judgments, that the imprisonment of the party was a satisfaction, did not apply to interlocutory costs, which could only be enforced by attachment, (2 R. S. 535, sec. 4,) and in relation to which, therefore^ the plaintiff; in pursuing that course, could not be regarded as electing to take the body of the defendant, in satisfaction, (Hesketh v. Mulock, M.S. Feb. Term, 1831. Graham’s Pr. 2d ed. pp, 341, 348 349.)
See N. Y. Dig. vol. 4, p. 490, tit. Set-off.