TEMPLE & BEAUPRE, Appellants, *vs.* WM. SCOTT, Respondent.

APPEAL FROM THE DISTRICT COURT OF RAMSEY COUNTY.

The District Court possesses full power to adjust adverse claims existing between its suitors, by setting off judgments recovered between the same parties. This power is; not dependent upon statutory provisions, but rests in the general jurisdiction of the ·Court over its suitors, and should not be unnecessarily restricted.

The law exempting certain personal property from execution, applies to certain specific articles, and not to their value in money. It does not intend that the insolvent debtor may reserve from his estate an amount certain, measured by the standard of money, to be disposed of and applied as he may prefer. Moneys in possession, or credits due the debtor, are not exempt. Nor will the privilege leave the specific property and follow and attach itself to the various representatives of that property, during the course of litigation concerning it.

All the peculiar features which may have characterized a claim, whether of privilege or disability, are at once lost sight of and merged, when judgment is perfected upon it; and the demand takes rank equally among all other judgments.

The appellants, Temple & Beaupre, in October, 1857, obtained judgment in the Court below against the Respondent, Scott, for $800 42, upon which execution issued and $95 47 were collected. No further sum has ever been collected on this judgment, and it appears by affidavit that Scott has no property that can be reached in execution.

In March, 1859, Scott, in the same Court obtained judgment against Temple & Beaupre, for $126 19, in an action against T. & B. and others to recover as his damages the value of certain property belonging to him, which he alleged the Defendants had wrongfully and forcibly taken and converted to their use—the said taking and conversion being by levy under process of court of property exempt from such levy.

After the entry and docketing of the last named judgment, Temple & Beaupre in the former action applied to the Court below to have the judgment of Scott against them applied upon their judgment against Scott so far as the same would go; that is, that Scott's judgment against them should be set off upon theirs against Scott.

This application was denied by the Court below, and the Appellants have taken this appeal from the order of the District Court denying the allowance of said set off.

The following are the points and authorities relied upon by the Counsel for the Appellants:

*First.*—It is the settled practice of the Courts to allow a set off of judgments recovered in the same Court or in different Courts; and to direct the balance due after such set off alone to be collected by execution.

This practice has obtained independently of statute. 1 *Chitty's General Practice,* 667 *and authorities cited;* 1 *Burrill's Practice,* 281 *and authorities cited; Ewen vs. Perry,* 8 *Cowen* 126; *Gilman vs. Van Slyck,* 7 *Cowen* 469; *Simson vs. Hart,* 1 *John. C. R.* 94; *Simson vs. Hart,* 14 *John.* 73; *Graves vs. Woodbury,* 4 *Hill* 559; *Cook vs. Smith,* 7 *Hill* 186; *Mason vs. Knowlton,* 1 *Hill* 222; *Goodenow vs. Buttrick,* 7 *Mass.* 144; *Makeplace vs. Coates,* 8 *Mass.* 452; *Greene vs. Hatch,* 12 *Mass.* 195; *Winslow vs. Hathaway,* 1 *Pick.* 215; *Shapley vs. Bellows,* 4 *New Hampshire* 350; *Hutchins vs. Ridley,* 12 *New Hampshire* 464; *Prince vs. Fuller,* 34 *Maine* 122.

*Second.*—It was contended in the Court below that, inasmuch as the property for the value of which Scott obtained his judgment against Temple & Beaupre was exempt from the levy made upon it in the action of Temple & Beaupre vs. Scott, which levy constituted the alleged wrongful taking and conversion that formed the gist of the cause of action in the first named suit, therefore there could be no set off between the two judgments.

It is respectfully submitted that there is neither precedent nor reason for such a distinction.

[The points and authorities of Counsel for the Respondent are not on file.]

Lorenzo Allis, Counsel for Appellant.

*By the Court*—Flandrau, J. The District Court possesses full power to adjust adverse claims existing between its suitors, by setting off judgments recovered between the same parties. This power is not dependent upon statutory provisions, but rests in the general jurisdiction of the Court over its suitors. 4 *John. Ch. R.* 93, 94; *Montagu on Set-offs,* 6; 3 *Caine's,* 190;

1 *John.* 144; 3 *John.* 247; 8 *Cow.* 126; 7 *Cow.* 469; 7 *Hill*, 186. The exercise of this power by Courts is productive of equitable results, by affording a speedy and inexpensive mode for the settlement of counter claims between litigants, and should not be unnecessarily restricted.

The difficulty, however, presented by this application, is in the peculiar nature of the subject matter of the action in which the judgment of Scott against Temple and Beaupre was recovered, it being for the value of articles exempted from seizure upon execution, which the Defendant had levied upon and sold contrary to law. It is contended on behalf of Scott that as the articles seized could not be applied to the payment of Temple and Beaupre's judgment, a judgment recovered for their value enjoys the same privileged position. This view was sustained by the Court below, and the motion to set off was denied upon that ground.

We think there are two valid reasons why this point is untenable. It is the policy of the law of exemptions to protect every debtor in the possession and enjoyment of certain useful articles deemed necessary for the maintenance and comfort of his family. It is the specific articles which are exempted, and not their value as property. The law does not intend that the insolvent debtor shall reserve from his estate an amount certain, measured by the standard of money, to be disposed of and applied as he may prefer, but designates the character and nature of the specific property as best suited to his circumstances, and where an amount in money is mentioned in the statute, it is simply as a limitation upon the quantity of specified articles of property. In no case are moneys in possession or credits due the debtor exempted from seizure upon execution. We had occasion to hold in the case of *Grimes vs. Bryne*, 2 *Min. R.* 106, that statutes of this nature are in derogation of the common law and must be strictly construed, and that nothing can be taken by implication. Adhering to this view, we cannot adopt such an interpretation of the statute as would allow the privilege of exemption to leave the specific property of the debtor, and follow and attach itself to all the various representatives of that property during the course of a

litigation concerning it, after it has left the possession of the debtor. If the Legislature had designed the value of the exempt articles to enjoy the same privilege as the articles themselves, they should have said so; we cannot infer it. It is not in the power of the creditor to deprive the debtor of his exempt property, because the mere seizure of the articles does not divest their title or destroy their privileged character, and the law furnishes the debtor ample means of reclaiming the specific property, which, if resorted to, will reinstate him in all his rights, and compensate him in damages for the attempted infringement of them; but if the debtor abandons the pursuit of the property itself, and relies upon recovering its value, he cannot claim for the representative of that value, whether it be in money, notes, or a judgment, any higher character than property of the same class is entitled to under ordinary circumstances.

The rule governing the set-off of demands in actions has been regulated very much by the nature of the demand offered to be set off, and has generally been confined to matters of indebtedness arising upon contract express or implied, either liquidated or capable of being liquidated by mere computation; but demands which in their nature could not be made the subject of set off, such as demands arising upon personal torts, as soon as they were put into judgment were placed upon the same legal footing as all other judgments, irrespective of the nature of the action in which they were recovered; or, in other words, all the peculiar features which may have characterized a claim, whether privilege or disability, are at once lost sight of and merged when judgment is perfected upon it; and the demand takes rank equally among all other judgments. The status of a judgment among the various classes of securities is well determined, and does not depend at all upon the nature of the action in which it was recovered. We think, therefore, that the Court erred in entering into an examination of the merits of the judgments sought to be off set against each other.

The order is reversed, and the judgments set off against each other as far as they will go.

EMMETT, C. J., dissents.