Butner v. Bowser et al.

No. 12,295.

BUTNER v. BOWSER ET AL.

EXEMPTION FROM EXECUTION.—*Statutes Giving, Must be Liberally Construed.*
—Statutes providing for the exemption of a reasonable amount of prop-
erty from seizure or sale for the payment of contract debts must be lib-
erally construed.

SAME.—*Judgments.—Set-Off.*—The holder of a judgment can not set it off
against a judgment held by the judgment debtor against him, where the
property of the latter, including his judgment, is of a value less than
six hundred dollars, all of which he claims as exempt. .

From the Boone Circuit Court.

*F. M. Charlton* and *T. W. Lockhart,* for appellant.
*C. M. Zion,* for appellees.

HOWK, J.—On and before the 17th day of January, 1885,
the appellees, Bowser and Trout, the plaintiffs below in this
cause, owned and held a judgment against the appellant, But-
ner, for the sum of $238.87, rendered in the court below
upon a promissory note executed by Butner, which judgment
was in full force and wholly unpaid.  On and before such
17th day of January, 1885, appellant Butner was the owner
and holder of two judgments against the appellees Bowser
and Trout, one for $56.75, and the other for $65.96, both of
which judgments were rendered in the court below, and were
in full force and wholly unpaid.  The appellees, on the day
and year aforesaid, filed their written motion or complaint in
this cause, setting up substantially the facts above stated and
praying that the judgments, so owned and held by appellant
Butner, might be set off against an equal amount of the ap-
pellees' judgment against him, Butner, and for judgment
against the latter for the residue of their judgment and for
other proper and equitable relief.

To this motion or complaint appellant Butner answered in
two special or affirmative paragraphs, to each of which the
appellees' demurrer, for the alleged want of facts therein to
constitute a defence to their suit, was sustained by the court.

Butner excepted to these rulings, and declined to amend either of such paragraphs of his answer.   He then answered further, by a general denial of the motion or complaint.   The issues joined were tried by the court, and findings were made (1) of the amount due appellees on their judgment, (2) of the amount due Butner on his judgment, and (3) of the amount of the residue yet due the appellees, after setting off enough of their judgment to satisfy the amount due Butner on his judgments.   Thereupon the court made and rendered its orders and judgment in accordance with its finding and as prayed for in appellees' motion or complaint.   Butner's motion for a new trial having been overruled by the court, he has appealed from the judgment below to this court.

The evidence on the trial is not in the record, and the only errors assigned by Butner, which are discussed by counsel or present any question for our decision, are based upon the rulings of the court below, in sustaining appellees' demurrers to the first and second paragraphs of his answer.

In the first paragraph of his answer, Butner alleged in substance that, on the 9th day of October, 1884, appellees caused an execution to be issued by the proper clerk, upon their judgment against him, and placed the same in the hands of the sheriff of Boone county; that such execution remained in full force until January 29th, 1885, when it was returned by such sheriff, as shown by his return thereon; that, on the 14th day of January, 1885, such sheriff made a demand upon Butner for the payment and satisfaction of such execution; that Butner on the same day, claiming an exemption of his property from levy and sale under such execution, pursuant to such claim, then and there selected for his appraiser Nelson Lucas, a resident householder of Boone county, and such sheriff selected for appellees, as an appraiser, John Christy, a resident householder of such county ; that on the 28th day of January, 1885, such appraisers, having been legally qualified, duly made an appraisement of the articles named in the schedule and inventory of appellant's property, a copy of

which was filed with and made part of such paragraph of answer; and that the sum total of such appraised articles amounted to $469.85.

Butner further alleged such facts as showed that the schedule and inventory of his property strictly conformed to the requirements of section 714, R. S. 1881, and contained all the statute required, and that the aggregate value of all his property was less than six hundred dollars; that he, Butner, was a resident householder of Boone county, and had been such since the issuing of appellees' execution, and, as such, on January 29th, 1885, he subscribed and was sworn to such inventory and appraisement, as required by law; and that he claimed at the time, and since, and still claimed, all the articles of property in such schedule and inventory as exempt from levy and sale upon appellees' execution; that appellees' judgment, on which their execution was issued, was recovered against him, Butner, on his contract, to wit, upon a promissory note executed by him on November 3d, 1883, and was the same judgment sought to be set off against him by appellees in this suit; that appellant's judgment against the appellees, which they were seeking to set off against their judgment and to have entered as a credit thereon, was included in his schedule and inventory, and was claimed as exempt by the appellant, and was so set off to him by such sheriff, and was appraised in such inventory at $50.96, not including an attorney's fee lien thereon for $15; that on the 29th day of January, 1885, appellant tendered such schedule and inventory of his property to such sheriff, who accepted and made the same a part of his return of appellees' execution, which he returned *nulla bona*, on such last named day; and that he was not the owner of the Markland judgment against the appellees, as alleged in their motion, nor had he any interest therein. Wherefore, etc.

In the second paragraph of his answer Butner filed therewith an inventory of all his property, of every kind and de-

scription, in conformity with the provisions of section 714, R. S. 1881; and he demanded "that six hundred dollars of property in value be set off to him as exempt from levy and sale," and he therein named and selected for his appraiser Nelson Lucas, a resident householder of Boone county, to make appraisement of the articles set out in such inventory, and he asked appellees to select an appraiser of such county to join the one selected by him. Butner then averred that all the articles set out in his inventory, and that all his property, real and personal, within or without this State, would amount to less than $600 in value; that among the articles named in such inventory was his judgment for $65.96 against the appellees, which they, in their motion, were seeking to have set off against their judgment against him; that appellees' judgment was recovered upon his contract, to wit, his promissory note, dated November 3d, 1883; that he was a resident householder of Boone county, and as such was entitled to an exemption of $600 in value, of all his property, which he thereby demanded as exempt; and he demanded that his judgment against the appellees, described in his inventory, which was the same judgment they were seeking in this suit to have set off against their judgment, should be exempted from levy and sale. Wherefore, etc.

In section 22 of the Bill of Rights in our State Constitution, it is provided as follows: "The privilege of the debtor to enjoy the necessary comforts of life shall be recognized by wholesome laws, exempting a reasonable amount of property from seizure or sale for the payment of any debt or liability hereafter contracted." The General Assembly of this State, at its first session after the adoption of our present Constitution, enacted a law recognizing "the privilege of the debtor to enjoy the necessary comforts of life," and exempting an amount of property, not exceeding in value three hundred dollars, owned by any resident householder, from seizure or sale for the payment of any debt or liability growing out of or founded upon a contract, express or implied. Afterwards.

by an act which took effect and became a law May 31st, 1879, in further recognition of the privilege of the debtor to enjoy the comforts of life, the Legislature increased the amount of property so exempted to him to an amount not exceeding in value six hundred dollars. In the protection of the debtor's privilege to enjoy the necessary comforts of life, this court has always kept pace with the General Assembly, and has uniformly held that statutes of exemption are to be liberally construed. Thus, in *Haas* v. *Shaw*, 91 Ind. 384 (46 Am. R. 607), the court said: "The privilege of the debtor to claim a reasonable exemption of property, from seizure or sale for the payment of his contract debts, is a constitutional right, and the 'wholesome laws,' wherein such right is recognized and provision made for its exercise, must be liberally construed. Where, as in this case, the answer of the debtor shows that he has asserted his claim to an exemption, at the proper time and in substantial compliance with the requirements of the statute, it must be held to be sufficient on a demurrer thereto. Where the right to claim an exemption clearly exists, under the law, merely formal or technical objections will not be allowed to prevent the debtor from claiming the benefit of his exemption." In support of the proposition that statutes of exemption must be liberally construed by the courts, we also cite the following cases: *Gregory* v. *Latchem*, 53 Ind. 449; *Kelley* v. *McFadden*, 80 Ind. 536; *Puett* v. *Beard*, 86 Ind. 172 (44 Am. R. 280); *State, ex rel.,* v. *Read*, 94 Ind. 103; *Barkley* v. *Mahon*, 95 Ind. 101; *Good* v. *Fogg*, 61 Ill. 449 (14 Am. R. 71); *Kuntz* v. *Kinney*, 33 Wis. 510; *Curty* v. *Drew*, 46 Vt. 346; *Allison* v. *Brookshire*, 38 Texas, 199; *Seeley* v. *Gwillim*, 40 Conn. 106.

We are of opinion, upon the facts stated in each paragraph of Butner's answer in the case in hand, that he has a constitutional and statutory right to claim his judgment against the appellees, as a part of his exemption under the law. Ordinarily, no doubt, the appellees would have an equitable claim to have

Butner's judgment set off and satisfied by an equal amount of their judgment against him; but this equitable claim of the appellees must yield to, and is overcome by, the constitutional and statutory right of Butner, upon the facts of this case, to claim his judgment against them as a part of his exemption. This is, in effect, decided by this court in the well considered case of *Puett* v. *Beard, supra*, which was very similar to the case at bar. The court there said : " It is held in *Temple* v. *Scott,* 3 Minn. 419, by a divided court, that the right of set-off will prevail in such a case as this; but the opinion assumes, what is almost universally denied, that the statute of exemption is to be strictly construed, and, starting from this erroneous premise, it is not strange that a wrong conclusion was reached. Our court has, in consonance with the decided weight of authority, held that the statute is to be liberally construed. *Gregory* v. *Latchem,* 53 Ind. 449. A liberal construction of the statute would lead to a different result from that reached in *Temple* v. *Scott, supra,* and Judge Thompson has shown, by arguments which seem to us unanswerable, that the entire reasoning of the Minnesota court is unsound. Thompson Homestead & Exemp. 893. Two cases are cited by this author sustaining his view that the right of set-off does not exist, *Curlee* v. *Thomas,* 74 N. C. 51 ; *Wilson* v. *McElroy,* 32 Pa. St. 82, and to these may be added *Duff* v. *Wells,* 7 Heisk. 17."

In the cause under consideration our conclusion is that the trial court clearly erred in sustaining appellees' demurrers to the first and second paragraphs of Butner's answer.

The judgment is reversed, with costs, and the cause is remanded, with instructions to overrule the demurrers to the first and second paragraphs of answer, and for further proceedings not inconsistent with this opinion.

Filed Dec. 19, 1885.