Junker *et al. v.* Hustes.

No. 12,790.

JUNKER ET AL. *v.* HUSTES.

SET-OFF.— *Judgments. — Exemption from Execution.— Married Woman.—*A. judgment against a husband and wife can not be set off against a judgment held by them, where they make due claim to the exemption provided by law, the right of the wife to claim exemption being as clear, under section 5124, R. S. 1881, as that of her husband.

From the Ohio Circuit Court.

*J. K. Thompson,* for appellants.

ELLIOTT, J.—The appellee filed a written motion wherein he stated that he had obtained judgment against Abraham Junker and Caroline Junker, his wife, for four hundred and forty-nine dollars, and that they had obtained judgment against him for five hundred dollars. The relief sought by the motion is that the one judgment be set off against the other.

The appellants answered the motion by averring that they claimed the judgment held by them as exempt under the law. Each averred that a schedule was duly filed, set forth the schedules, and respectively alleged that they demanded that their respective interests be adjudged exempt from the claim of the appellee.

It is settled that a set-off of one judgment against another will not be allowed unless it is equitable to allow it. It seems quite clear that this rule forbids the set-off, where to allow it would be to take from the debtor property which the Constitution and the statute declare shall be held by him for the benefit of his family. As we have often held, the provisions of the statute are to be liberally construed in favor of the debtor. To give effect to the evident purpose of the law to provide against a debtor's family being stripped of reasonable means of support, the courts, with little diversity of opinion, have

held that one judgment can not be set off against another where the debtor makes due and lawful claim to exempt his interest in the judgment held by him. Our own court has so decided. *Butner* v. *Bowser,* 104 Ind. 255, and cases cited ; *Puett* v. *Beard,* 86 Ind. 172 (44 Am. R. 280), and authorities cited.

The great purpose of the law is to protect the debtor's family, and to effect this purpose, the law must be, as we have uniformly held, liberally construed. *Haas* v. *Shaw,* 91 Ind. 384 (46 Am. R. 607), and cases cited.

We think it clear that in this case Abraham Junker had a right to claim exemption in the judgment against the appellee.

The right of the wife is not less clear, for our statute provides that "A married woman who is a resident of this State, whether a householder or not, shall be entitled to the same exemption of property from seizure or sale for the payment of any debt or liability contracted by her, as householders are under the Constitution and laws of this State, to be claimed and selected in the same manner." R. S. 1881, section 5124.

Judgment reversed.

Filed March 3, 1888.