Filed June 12, 1888.

---◆---

No. 13,295.

## CARPENTER ET AL. *v.* COOL.

SET-OFF.—*Of Judgments.*—*Exemption from Execution.*—In an action to set off judgments founded upon contract and obtained by the plaintiff and defendant against each other, the defendant, being a resident householder, and claiming his judgment as exempt, under section 703, R. S. 1881, may defeat the set-off by a showing that all of his property, including the judgment, is of less value than six hundred dollars; but a showing merely that the defendant is insolvent, and has no property subject to execution, is not sufficient to authorize the exemption.

From the DeKalb Circuit Court.

*W. H. Dills* and *G. B. Adams,* for appellants.

HOWK, J.—On the 11th day of May, 1885, Isaac N. Cool, plaintiff, commenced this suit against the defendants, Herman F. Carpenter and Samuel H. Rush. Both defendants appeared and, severing in their defence, filed separate answers herein, to which plaintiff replied by general denials thereof. The issues joined were tried by the court, and, at defendants' request, the court made a special finding of facts herein, and thereon stated its conclusions of law in favor of the plaintiff. Over defendants' exceptions to its conclusions of law, the court rendered judgment thereon in plaintiff's favor for the relief demanded in his complaint.

Defendants have assigned error here (amongst others)

which calls in question the correctness of the trial court's conclusions of law upon its special finding of facts.

The facts found by the court were substantially as follows:

1. On February 1st, 1885, defendant Rush, in the court below, recovered a judgment against plaintiff, Cool, for $107.30, and costs taxed at $11.10, which judgment was, on the 16th day of March, 1885, assigned by said Rush to his co-defendant, Carpenter, to be applied on a certain indebtedness of said Rush to said Carpenter, evidenced by two notes, one for $200 and one for $100, dated September 19th, 1884. Said judgment was then in full force and unpaid, and said Carpenter received said assignment thereof in good faith, and credited the amount of such judgment on said indebtedness of Rush to him.

2. On March 13th, 1885, said Cool commenced a suit against said Rush before a justice of the peace of DeKalb county, Indiana, upon a note and account which had been assigned to said Cool after the rendition of said judgment, in favor of said Rush and against said Cool, which case of *Cool* v. *Rush* resulted in a judgment in favor of said Cool and against said Rush, before said justice, on March 16th, 1885, for $140, and costs taxed at $4.45, which said judgment was in full force and unpaid.

3. On said 16th day of March, 1885, but before the rendition of said last described judgment, said Rush assigned his said judgment against said Cool to defendant Carpenter.

4. At the dates of both of said judgments, said Rush was "and still is" a resident householder of the State of Indiana, and was at those dates "and still is" insolvent, and had not "nor has" property subject to execution.

Upon the foregoing facts, the trial court stated its conclusion of law as follows:

"Plaintiff is entitled to the relief asked in his complaint, and to have his said judgment against defendant Rush set off against said judgment recovered by said Rush against him.         (Signed)        R. Wes. McBride, Judge."

We are of opinion that, upon the facts found as aforesaid, the trial court did not err in its conclusion of law as above stated. It would seem from the record of this cause that defendants claimed, and attempted to show, that the judgment against the plaintiff in favor of defendant Rush was a necessary part of his exemption as a householder of this State, and that, for this reason, plaintiff could not assert any claim, legal or equitable, by way of set-off against such judgment, either as against Rush or as against his assignee and co-defendant, Carpenter.

The evidence is not in the record, and, therefore, it does not clearly appear what showing defendants made on this point; but, as against them, it may be properly assumed in the state of the record, that the court's special finding of facts herein, the substance of which we have given, was fully sustained by the evidence on the trial, without material conflict therein. We need not argue for the purpose of showing that the facts, found specially by the trial court, were wholly insufficient to sustain defendants' claim that the judgment against plaintiff in favor of said Rush was a necessary or proper part of his constitutional and statutory claim to a householder's exemption, and that such judgment was not subject to the equitable set-off which plaintiff sought to enforce against it in this suit or proceeding.

Under our law, an amount of property not exceeding in value six hundred dollars, owned by any resident householder, is not liable to sale on execution or any other final process from a court, for any debt growing out of or founded upon a contract, express or implied. Section 703, R. S. 1881. If, under this statute, the court below had found as a fact in the case in hand, in addition to the fact that Rush was a householder of this State, that his judgment against the plaintiff, Cool, and all his other property, real and personal, did not exceed in value the sum of $600, it might well be held, we think, that the plaintiff could not maintain his claim herein

to a set-off against such judgment, as against either of the defendants, under our previous decisions. *Puett* v. *Beard*, 86 Ind. 172; *Butner* v. *Bowser*, 104 Ind. 255; *Burdge* v. *Bolin*, 106 Ind. 175; *Taylor* v. *Duesterberg*, 109 Ind. 165; *Barnard* v. *Brown*, 112 Ind. 53; *Dumbould* v. *Rowley*, 113 Ind. 353.

But no such facts, nor any facts equivalent thereto, were found by the trial court in the case under consideration. The very utmost that was found bearing upon Rush's claim to an exemption was, that he was "insolvent" and had "no property subject to execution."

In legal acceptation, a man is insolvent who is unable to pay his debts at maturity; and he may be insolvent, and may have no property subject to execution, although at the same time he may be the owner and in the possession of thousands of dollars in good choses in action. It is certain, we think, that the court did not err in its conclusion upon the facts found that plaintiff was entitled, as against both defendants, to have his judgment against defendant Rush set off against the judgment recovered of him by Rush.

In their brief of this cause defendants' counsel ask, in the event we hold that the court did not err in its conclusion of law upon the facts specially found, that we consider also the errors assigned upon the sustaining of plaintiff's demurrers to the second paragraph of defendant Rush's separate answer, and to the third paragraph of defendant Carpenter's separate answer.

In the second paragraph of his separate answer, defendant Rush alleged that his judgment against plaintiff, Cool, was rendered upon contract, to wit, the sale of goods and personal property to said Cool by said Rush; that at the date of his recovery of such judgment against plaintiff, Cool, and of its assignment to his co-defendant, Carpenter, and since, defendant Rush was and had been a resident householder of the State of Indiana; that the entire property of defendant Rush, real and personal, within or without this State, was then and

had been since of a less value than $600; that both of the judgments described in plaintiff's complaint herein were rendered upon contracts, entered into since May 31st, 1879.

In the third paragraph of the separate answer of defendant Carpenter substantially the same facts (among others) were alleged as those stated in the second paragraph of the separate answer of defendant Rush, the substance of which we have given.

Without discussing at length the questions presented by the errors predicated upon the sustaining of plaintiff's demurrers to these two paragraphs of defendants' separate answers herein, it must be held, we think, upon the authority of our previous decisions heretofore cited in this opinion, that these errors are well assigned, and that plaintiff's demurrers to each of such paragraphs of defendants' separate answers ought to have been overruled. For these errors the judgment below must be reversed. We note the fact that plaintiff's counsel have not favored this court with any brief or argument in support of the rulings and judgment of the court below.

The judgment is reversed, with costs, and the cause is remanded, with instructions to overrule the demurrers to the second paragraph of Rush's answer and the third paragraph of Carpenter's answer, and for further proceedings not inconsistent with this opinion.

Filed June 12, 1888.