No. 35.

## COPPAGE, ADMINISTRATOR, *v.* GREGG.

EXEMPTION.—*Set-Off.—Practice.—"Final Process."*—Where an action is brought on an open account for work and labor, or for goods sold and delivered, or for money loaned, and the defendant in his answer pleads a set-off to the account, in the form of a judgment previously obtained by the defendant against the plaintiff, the latter, who is a householder of the State, and who would be entitled to the benefit of the exemption on execution, can, in his reply, demand that his claim, which he holds and on which he seeks to recover, be set off to him as exempt. Such a proceeding is the taking of property on "other final process," within the meaning thereof as it is used in the statute of exemption.

SAME.—*Constitutional Provisions not Self-Executing.*—The constitutional provisions concerning the right of the debtor to exemption is not self-executing, but requires the enacting of a statute to carry out its provisions.

SAME.—*Construction.—Object of Statute.*—The statute in relation to exemption of property of impoverished householders should receive a liberal construction. The object of the exemption law is to give protection to the insolvent debtor and his family.

SAME.—*Application of Law.*—The courts apply the law to instances that fall not only within the strict letter, but all such as come within the equity and spirit of the act, and will promote and secure the object intended.

SAME.—*Kind of Property.*—The exemption law does not prescribe to the debtor what kind of property he shall, or shall not, claim as exempt.

SAME.—*Set-Off.—Property of Debtor Less than Six Hundred Dollars in Value.*—Where the debtor demands that his claim be exempted from the effect of a set-off, he must show that his entire property or estate, including his claim, is worth less than six hundred dollars in value.

SAME.—*Set-Off.—Practice.*—When the right of exemption is claimed in a pleading in court, it is only necessary that the party who pleads exemption should file a statement substantially complying with the re-

quirements of the statute in a schedule, and to show further that all his property does not exceed six hundred dollars in value.

SAME.—*Set-Off.—Death of Creditor.*—The right of the debtor to demand his right of exemption as against a set-off exists even though the creditor is dead and the suit is brought by his personal representative. The right is not defeated by the provision of the code that the right of set-off shall not be defeated by the death of either the creditor or debtor. Section 352, R. S. 1881.

SAME—*Set-Off.—Judgment Upon a Judgment.*—If a judgment is pleaded as a set-off, and exemption as against it is claimed and allowed, it is not error to refuse to render a judgment upon such judgment.

From the Montgomery Circuit Court.

*W. B. Herod, W. W. Thornton* and *L. J. Coppage,* for appellant.

*J. West,* for appellee.

REINHARD, J.—The appellee filed a claim in the form of an itemized account against the estate of appellant's decedent. To this the appellant filed an answer in three paragraphs, the first being the general denial, and the second and third were by way of set-off, containing averments that appellant, as administrator of the estate of his decedent, had recovered a judgment against the claimant at a previous term of court, founded upon a promissory note, which judgment appellant asked to have set off against an equal amount that might be found to be due the appellee, and demanded judgment over for the balance.

The appellee filed a reply in two paragraphs, the second of which was a plea averring that the said appellee was a householder of the State of Indiana, and that his entire property did not exceed in value six hundred dollars, including any amount that might be found due him on his claim against said estate, and asking to have such property set off to him as exempt from seizure for the payment of said judgment. The paragraph was accompanied by a schedule of his property.

There was a trial by jury and a verdict for appellee, the

jury having, under the instructions of the court, allowed the appellee his claim as exempt from liability for the payment of the judgment.

To the paragraph of reply, in which the right of exemption was claimed, the appellant demurred, the court overruled the demurrer and the appellant excepted.

Errors are properly assigned raising the questions discussed by the parties in their briefs, and these we shall notice accordingly.

The principal matter in dispute between the parties is whether or not the appellee, under the pleadings and proof, was legally entitled to claim the benefit of the statutory exemption of six hundred dollars as against the judgment pleaded by the administrator, as a set-off, in the third paragraph of the answer.

The question presented is this: Where an action is brought on an open account for work and labor, or for goods sold and delivered, or for money loaned, and the defendant in his answer pleads a set-off to the account, in the form of a judgment previously obtained by the said defendant against said plaintiff, can the plaintiff, who is a householder of the State of Indiana, and who would be entitled to the benefit of the exemption on execution, legally plead the same in his reply and have the claim, which he holds and on which he seeks to recover, set off to him as exempt from sale or seizure?

It is argued by the appellant that this can not be done. He claims that the constitutional provision that " The privilege of the debtor to enjoy the necessary comforts of life shall be recognized by wholesome laws, exempting a reasonable amount of property from seizure or sale for the payment of any debt or liability hereafter contracted " (Bill of Rights, section 22; section 67, R. S. 1881), is not self-executing, but requires the enactment of some statute to carry out that provision, and in this view we think the appellant is supported by the authorities. *Green* v. *Aker*, 11 Ind. 223. The appellee concedes this much, but claims that the Legislature

has carried out the constitutional measure in the enactment of the present exemption law. Section 703, R. S. 1881. That section reads as follows:

"An amount of property not exceeding in value six hundred dollars, owned by any resident householder, shall not be liable to sale on execution or any other final process from a court, for any debt growing out of or founded upon a contract, express or implied, after the taking effect of this act."

This is the only provision our statute has made for an exemption of property to the debtor; and if, under this provision, the right of exemption exists when claimed to defeat a judgment pleaded as a set-off, the appellee must prevail in his contention.

It will be noticed that by the terms of the statute the property of a debtor is exempt from sale " on execution or any other final process from a court." Does the term " other final process" cover the case under consideration?

It has been held in numerous cases that the statute in relation to exemption of property of impoverished householders should receive a liberal construction. *Butner* v. *Bowser*, 104 Ind. 255, and authorities cited; *Junker* v. *Hustes*, 113 Ind. 524.

In giving construction to a statute one of the first questions which naturally presents itself to the judicial mind is, what was the cardinal purpose for which the law was created?

The answer to that question, when applied to this statute, must be that it was to give protection to the insolvent debtor and his family. *Butner* v. *Bowser, supra; Crane* v. *Waggoner*, 33 Ind. 83; *Deere* v. *Chapman*, 25 Ill. 498.

With this main purpose of the law in view, the courts have constantly shown a disposition to apply it to cases that fall not only within the strict letter, but all such as come within the equity and spirit of the act, and will promote and secure the object intended. Thompson Homesteads and Exemptions, section 7, and authorities.

It has been decided repeatedly that where an insolvent

debtor holds a judgment for less than the amount exempt by statute, and that judgment is all the property he owns, the judgment defendant will not be allowed to satisfy it by a set-off of another judgment which the latter holds against him. *Puett* v. *Beard*, 86 Ind. 172; *Butner* v. *Bowser, supra; Junker* v. *Hustes, supra.*

We can see no distinction in principle between the question determined by these cases and the one now under consideration. We know of no rule which prescribes to the debtor what kind of property he shall, or shall not, claim as exempt. If he can claim as exempt a judgment of which he is the owner, no good reason can be shown why he can not with equal propriety claim an account or a note, or any other chose in action. One is as much " property " as the other, and the same rule of law is applicable to both. See *Pickrell* v. *Jerauld, ante,* p. 10.

The appellant argues that " if exemption as against a set-off may be claimed, then a plaintiff, although worth a million dollars, may claim exemption of his claim as against a set-off, and thus defeat the defendant and amerce him in costs, although equity and good conscience require the plaintiff to pay them."

There would be much force in this argument if the law permitted a millionaire to claim the exemption in such cases, but it only permits this to be done by a party whose entire property, including the judgment, or other thing claimed as exempt, does not exceed in value six hundred dollars. *Carpenter* v. *Cool*, 115 Ind. 134.

We hold, therefore, that the appellee had the right, under the statute, to demand as exempt the claim which he held against the estate of the appellant's decedent. We think the proceeding against him by set-off was such " final process " as was contemplated by the framers of the act. We believe the decisions of our own State, as well as the weight of other American authorities, fully sustain this conclusion. But the appellant further contends that even if the right of

exemption does exist in this class of cases still the appellee was not entitled to it, because it was not properly claimed by him. If we understand appellant's counsel correctly, he maintains that there not only should be filed with the reply a schedule in which all the debtor's property should be set out as required by the statute, but all the process by which property is generally set off upon execution should be gone through with, such as appraising the property by two disinterested householders, etc.

We do not think so. We think that where the statute points out the mode of appraising property it has reference to cases where schedules are left with the officers of the law, who have in their hands executions, or other writs, against the property. But when the right of exemption is claimed in a pleading in court, it is only necessary that the party who pleads exemption should file a statement substantially complying with the requirements of the statute in a schedule, and to show further that all the property of such debtor does not exceed six hundred dollars in value. It then becomes a fact in issue what is the correct value of such property; which fact must be proved by the party having the burden, the same as any other fact in the case. If it be said that the party claiming exemption would, in such cases, have his adversary at a disadvantage, by being in the exclusive possession of any and all property owned by him, which is to be valued, and that he would naturally refuse his adversary any opportunity of inspecting said property, so that its real value might be ascertained, we answer, that in a proper case the court would, doubtless, have the right to make an order giving such adverse party an inspection of the property, so that its value might be established.

Cases of this kind are, in some of their features, analogous to proceedings in highway cases appealed from the board of commissioners to the circuit court. There the mode of establishing the public utility of the highway to be located, or changed, is, in the first instance, by the sworn report of view-

ers, or reviewers, appointed for that purpose by the board, and such reports are the only kind of evidence the commissioners may consider. But when the case reaches the circuit court, where the issue of public utility, as well as all other questions of fact, may be tried by a jury, proof is made in the usual way by the oral examination, or the depositions of witnesses, as in the trial of ordinary civil causes.

The proposition of appellant that where there are mutual outstanding claims of two parties they extinguish each other *pro tanto*, though correct as an abstract statement of law, can have no application here, where property is claimed as exempt from sale or seizure. The equitable or civil law doctrine of compensation can not be invoked to strike down a plain constitutional and statutory right guaranteed to the impoverished householder. The cases already cited fully recognize, if they do not, in terms, establish, this principle.

The appellant contends that section 352, R. S. 1881, is decisive of the point in his favor. We can not agree with him in this view. The section referred to has no application to cases of insolvent debtors who seek to have their property exempt from judicial process for the satisfaction of their debts. A householder of the State can not thus be deprived of the benefits afforded him by the benign and salutary provisions made especially for him and his family. The lawmakers could not have intended to confer upon the representatives of a decedent greater rights than he himself possessed while living. The case cited by appellant in support of this doctrine (*Convery* v. *Langdon*, 66 Ind. 311) does not sustain him.

Appellant next complains that the court erred in allowing appellee to prove what was the real value of the claim held by him against the estate of appellant's decedent, instead of assuming the face value thereof to be the correct one. We can discover no violation of any legal or equitable rule in this.

Ordinarily, where such claims are embraced in schedules,

they are appraised at their true value by the appraisers se-
lected for that purpose. Where, from the nature of the pro-
ceedings, it becomes impracticable to have such appraisers,
the value of such articles of property as choses in action is
established by proof made orally in court, just as other facts
are proved in court.

If the claim in this case was worth more than the amount
at which the appellee fixed it, the appellant was at liberty,
indeed, it became his duty as administrator, to show such ad-
ditional value by competent testimony. Having failed to
introduce any testimony on this point, we take it the esti-
mate placed upon the value of the property by the appellee
was the correct one.

The evidence showed conclusively that the plaintiff's en-
tire property, including the claim, was worth less than six
hundred dollars, and we think the court correctly ruled that
under the law he was entitled to have such property exempt.

The appellant complains of an oral instruction given the
jury by the court of its own motion. The portion to which
the appellant objects reads as follows :

" Now, in summing the matter up, and by way of illus-
tration, you should find there is $600 due on the account of
plaintiff for services rendered or money advanced," etc.

The objection made to this portion of this oral instruction
is that it directs the jury in a mandatory way what to do, in-
stead of making the instruction conditional. There is man-
ifestly a clerical error or omission in this sentence which has
been culled out of a lengthy oral instruction. The omission
is the word "if." What the court doubtless meant to say,
and probably did say, was " *if* you should find," etc. The jury
could not have been misled by this sentence, even if it was
given as is claimed by appellant, which we must assume.

The court tells the jury what it says " in summing up " is
by way of illustration only. The instruction, when taken
as a whole, shows that it is not open to the objection urged
by the appellant. Even if the instruction is erroneous the

finding of the jury shows that the appellant has not been harmed by it, and hence he can not complain. A judgment will not be reversed for an erroneous instruction when it is made to appear that the proper result was obtained. *Cline* v. *Lindsey*, 110 Ind. 337 ; *Ricketts* v. *Harvey*, 106 Ind. 564 ; *Cleveland, etc., R. R. Co.* v. *Newell*, 104 Ind. 264.

The appellant further criticises this instruction for not informing the jury that before the plaintiff could claim the benefit of the exemption law he must show that his entire property does not exceed in value six hundred dollars. We do not think the instruction is open to this objection. It tells the jury that " the plaintiff, in his reply, says if it should be found that there is an indebtedness due from him to the decedent, that as he is a householder of the State of Indiana, a resident householder, he is entitled to six hundred dollars. And he alleges further, that this property is all the property that he has, and that the whole amount does not exceed six hundred dollars, and that he has a right —the statute gives him the right—to select any property which he may own exempt from any charge against him by any other person." And later on the court instructed the jury that if they " further find that the reply is made out by the plaintiff," etc., then they should find for the plaintiff.

We think from this instruction, though somewhat obscure, the jury were sufficiently informed that the plaintiff had averred in his reply that all his property, when taken together, was not worth more than six hundred dollars; that if the matters alleged in the reply were proved, then they should find for the plaintiff. Besides, if the appellant desired a more specific instruction upon this point, he should have prepared one and requested the court to give it to the jury. This he did not do, and hence we can see no force in the objection that the instruction did not sufficiently inform the jury what the law was.

We have also examined the other instructions complained of, and though they are not as clear a statement of the law

as the court might have given, we find no substantial error in any of them.

We have carefully examined the evidence and think it fully sustains the finding of the jury. We also think there is no merit in the appellant's contention that judgment should have been rendered in his favor notwithstanding the general verdict. He complains that the court erred in that it did not give him judgment on his judgment.

The appellant's answer was not founded upon this theory. It was simply an answer of set-off, and not in the nature of a cross-complaint seeking to recover judgment on a judgment.

This disposes of all the questions raised by the assignment of errors.

We find no error in the record.

Judgment affirmed, with costs.

Filed April 15, 1891.