Filed March 28, 1893.

---

No. 714.

### COFFING ET AL. *v.* DUNGAN.

EXEMPTION FROM EXECUTION.—*Promissory Note.*—*Set-Off.*—*Reply of Exemption.*—In an action on a promissory note, the plaintiff may reply to a set-off by the maker of the note, that the note is exempt from execution, and such reply, if true in fact, will defeat the set-off.

From the Fountain Circuit Court.

*D. W. Simms* and *H. H. Dochterman,* for appellants.

*C. M. McCabe* and *J. Bingham,* for appellee.

DAVIS, J.—There is only one question in this case, which, however, is presented by different assignments of error. Concisely stated, the facts are, that on the 31st day of March, 1891, the appellants William W. Merritt and Benjamin F. Crane, as principals, and William B. Coffing, as

surety, executed to appellee Robert R. Dungan, the note which is the foundation of the action; that on the 1st day of March, 1885, said appellee as principal, and said Merritt and Crane as his sureties, became indebted by note to one Sewell, which debt said sureties were compelled to and did pay on the second of April, 1891; that said appellee was at all the times herein mentioned a *bona fide* resident and householder of the State of Indiana, and had not at any time property of the value of six hundred dollars. To the answer of set-off filed by said appellants, the appellee replied the facts above disclosed, claiming the note in suit as exempt. On trial the court found the facts specially and stated conclusions of law thereon in favor of appellee, and rendered judgment against appellants for the amount of the note.

The question for our consideration is whether appellee, being a resident householder and possessed of less than six hundred dollars worth of property, including the note in suit, can defeat appellants answer of set-off by claiming the note in suit as exempt.

It is urged by appellants that the answer of set-off is not "final process" within the letter and spirit of the statute, and that the debt owing by appellee to appellants, pleaded in the answer of set-off, should stand as *pro tanto* satisfaction of the debt owing by appellants to appellee, sued on in the complaint.

In the language of Judge Elliott, "the question requires no discussion, for it is not an open one."

In *Smith* v. *Sills*, 126 Ind. 205, the appellee sued on a promissory note, and the appellant pleaded by way of set-off, "that appellee was indebted to him upon a promissory note and a judgment in a sum exceeding the amount due on the note on which the complaint is founded. The appellee replied, that he was a resident householder of the State; that he had less property than the law exempts from execution; and that he claimed the note in suit as exempt

from execution under the statute. The reply was held good on demurrer.

"Our decisions settle the question in favor of appellee, for they adjudge that the maker of a promissory note can not defeat the exemption law by setting off against the note, when sued on, a note executed by the payee or a judgment rendered against him. Those decisions affirm that a debtor may rightfully claim a promissory note as exempt from execution, although the maker of the note may hold notes or judgments against him." See, also, *Coppage, Admr.,* v. *Gregg,* 1 Ind. App. 112.

We find no error in the record.

Judgment affirmed.

Filed March 28, 1893.