Mast *v.* Borneman & Sons—61 Ind. App. 325.

# Mast *v.* Borneman & Sons.

[No. 8,957.  Filed March 17, 1916.]

1. MASTER AND SERVANT.—*Injuries to Third Persons.—Liability.*— An employer is liable for injuries wilfully or carelessly inflicted by an employe while in the performance of his duties, whether the particular act complained of was authorized by the employer or not. p. 328.

2. MASTER AND SERVANT.—*Injuries to Third Persons.—Action.— Complaint.* — In an action against the proprietor of a store for injuries caused by the negligence of defendant's clerk, a complaint alleging that plaintiff purchased a hammer from defendant which was defective in that the metal was too soft and would slough and break off; that he returned the hammer and pointed out the defects to defendant's clerk who examined its condition and promised to give a good hammer in exhange for it; that, while plaintiff was waiting for the exchange to be made, the clerk carelessly and negligently struck the hammer a violent and heavy blow with a larger hammer, thereby causing a flake of steel from one of the hammers to slough off and fly into plaintiff's eye; that the hammer was so obviously defective that no test was necessary; and that such clerk knew or by the exercise of ordinary care should have known that the ordinary, probable and natural consequences of striking the two hammers together with force and violence would be to chip off or break flakes or particles of metal and set them violently in motion; was sufficient as against objection on demurrer to show that the flake of steel which caused the injury came from the defective hammer when struck by the testing hammer.  p. 329.

3. MASTER AND SERVANT.—*Injuries to Third Person.—Liability.*— An injury inflicted on plaintiff while in defendant's store to exchange a defective hammer for a good one, caused by the act of defendant's

clerk in striking the hammer. a heavy blow with a large hammer which caused a piece of steel to fly from the defective hammer and strike plaintiff's eye, can not be deemed a mere accidental injury, in view of the showing that plaintiff had pointed out the defect as being a condition of the steel that caused flakes of steel to slough when the hammer was in use, and that such defect was so obvious that no test was necessary, but was an act of negligence for which defendant was liable, since such clerk had cause to anticipate that as a result of his act a particle of steel might fly from such hammer and cause injury to one standing in close proximity. p. 329.

4. NEGLIGENCE.—*Anticipating Consequences.*—While in every case of negligence it must appear that the injury described was caused by the negligent act of the party charged, it is not necessary that the precise consequences of the negligent act which did occur should have been foreseen by him. p. 329.

From Elkhart Superior Court; *James L. Harman,* Judge.

Action by Samuel E. Mast against Borneman & Sons. From a judgment for defendant, the plaintiff appeals. *Reversed.*

*Orrin M. Conley, Charles E. Frank* and *J. Raymond Conley,* for appellant.

*Perry L. Turner,* for appellee.

IBACH, C. J.—The complaint in this case is unusually long. The material averments are in substance the following: Appellee conducted a retail hardware store, and appellant, a carpenter, purchased of appellee a clawhammer, with the agreement that it might be returned if it did not prove satisfactory. The hammer was found to be defective and unsatisfactory in this, "the metal in the claw of said hammer was too soft and would slough off and break off and yield and bend out in pulling nails", etc. On September 23, 1913, the day appellant received his injury, he returned with the hammer to appellee's store, and then "pointed out to one of its clerks the broken, rough, bent and serrated condition of the claws of said hammer; said clerk  *  *  *  then and there acting within the scope of his authority

and while in the performance of his duties   *   *   *
took said hammer   *   *   * observed and exam-
ined the defective condition of said clawhammer and
then informed plaintiff that he would give him a good
hammer in exchange for it.    While he was waiting
for the exchange to be made, the clerk without giv-
ing plaintiff any notice of his intention to test the
defective hammer and without giving him any
opportunity to step out of danger, carelessly and
negligently struck the defective hammer a violent
and heavy blow with a large and heavier steel or
cast steel rivet hammer which said violent and
heavy blow then and thereby caused a flake of steel
or cast steel from one or both of said hammers to
slough off and fly with great force into plaintiff's
eye injuring him, that the claws of said clawhammer
were so obviously defective by being bent and broken,
rough and serrated, that no test whatever was neces-
sary there to be made in order to know that said
hammer was defective, that said clerk knew or by
the exercise of ordinary care and diligence should
have known and foreseen that by striking said two
metallic hammers together with force and violence
which he then proceeded to do and did do, that the
ordinary, probable and natural consequence of so
doing would be to chip off or break flakes or parti-
cles of said metallic substance from their main bodies
and send them violently in motion and beyond his
control, that by reason of said negligent and wrong-
ful conduct of the defendant's said clerk   *   *   *
and without any fault or negligence on the part of
plaintiff   *   *   * the vision of his eye was totally
destroyed", etc.   Error is predicated on the action of
the trial court in sustaining appellee's demurrer to
this pleading.

In support of this ruling appellee says: "Conced-
ing for the sake of the argument the fact that the

hammer purchased was soft on that portion of it hit with the testing hammer and that the act of striking them together was negligent, there is no direct averment from the specific facts that the flake of steel sloughed off from the testing hammer as a result of that alleged negligence.  In other words, there is no direct positive connection between the alleged negligence and the injury and therefore no element of negligence is averred against the appellee or its clerk, which shows the cause of the injury. For aught that the complaint shows, the test was made in the proper and regular way as a part of the business of selling hammers in a hardware store."
The further contention is that the complaint shows appellant received his injuries as the result of an inevitable accident.  It is not denied but that

1.  the facts well pleaded show that appellant when injured was rightfully in appellee's store, and while there, appellee and its clerks owed him the duty to keep the storeroom in a reasonably safe condition and to exercise reasonable care to protect him from injury during that time.   The remaining question then is, Do the facts also show a failure to perform that duty and an injury resulting to appellant by reason of such failure?   In other words, taking all the material facts disclosed by the pleading, Do they show that the accident which appellant received was caused by the negligent act of appellee, or one of its servants, for an employer is liable for injuries wilfully or carelessly inflicted by an employe while in the performance of his duties, whether the particular act complained of was authorized by the employer or not?   *Nave* v. *Flack* (1883), 90 Ind. 205, 46 Am. Rep. 205; *Louisville, etc., R. Co.* v. *Wood* (1888), 113 Ind. 544, 14 N. E. 572, 16 N. E. 197, and cases cited.   The complaint

2. avers in what respects the clawhammer was defective. One defect is that the material of which it was made was of such a character that particles of that material would slough off from it while in use, that such defect among others was particularly pointed out to appellee's clerk, that he personally observed where such particles had become removed, and yet, knowing these facts, knowing the tendency of flakes of steel or cast steel to slough off or break off, he struck the hammers together in the manner described and while appellant was in a place made dangerous by reason thereof. Under such a state of facts, we are justified in holding that the complaint is sufficient to repel the demurrer upon the theory that the flake of steel which caused the injury came from the defective hammer when struck by the testing hammer.

It can not be successfully contended that the act of appellee's clerk was a pure accident. While in every case it must appear that the injury described

3. must be caused by the negligent act of the party charged, yet it is not necessary that the precise consequences of the negligent act

4. which did occur should have been foreseen by him. *Billman* v. *Indianapolis, etc., R. Co.* (1881), 76 Ind. 166, 40 Am. Rep. 230; *White Sewing Mach. Co.* v. *Richter* (1891), 2 Ind. App. 331, 28 N. E. 446. In the case last cited the court on page 334 said, "Every rational being is responsible for his careless acts, and the consequences which follow, according to the practical application of the law of cause and effect, whether he was able to anticipate the particular result or not." See, also, *Fairmount, etc., Assn.* v. *Downey* (1897), 146 Ind. 503, 45 N. E. 696. It appears from the complaint, we think, that appellee's clerk observed and understood the true condition of the defective hammer, the ten-

dency of small particles to be loosened therefrom when in use, before he attempted to strike it in the manner charged, and that from its appearance he also had reasonable cause to anticipate that by striking it with another hammer likewise composed of steel or cast steel, when the two surfaces were brought together in that manner, one or more particles of steel might fly therefrom and cause injury to any one standing in close proximity. In short, he was given cause to anticipate the happening of some such accident as actually did occur. Appellee has cited a number of proximate cause cases to support its contention, but such cases have no application here, as there is no question of intervening agency involved. That is, the cases cited by appellee differ from the case at bar, in that in those cases no facts were known to the party charged from which he would be held to have anticipated some such result as did follow his conduct. In those cases the accidents which actually happened were entirely unexpected and unanticipated, while in the present case as we have heretofore indicated, the clerk might have anticipated just such consequences as occurred, and was bound to anticipate the natural consequences of his own negligent act.

We are of the opinion that the trial court erred in sustaining the demurrer to the amended complaint. Judgment reversed.

NOTE.—Reported in 111 N. E. 949. As to the test of the master's liability for acts of servant aggrieving third persons, see 54 Am. St. 71. As to whether master is liable for injuries caused by the negligence of his servant by coming in personal contact with third person, see 47 L. R. A. (N. S.) 142. As to liability of master for the acts of servant in excess of instructions, see 5 Ann. Cas. 123. See, also, under (1) 26 Cyc 1528, 1529; (2) 26 Cyc 1571; (3) 26 Cyc 1529; (4) 29 Cyc 495.