THE CITIZENS STATE BANK OF NOBLESVILLE ET AL.
*v.* HARRIS.

[No. 18,129.   Filed December 17, 1897.]

EXEMPTIONS.—*Sales.*—*Judgment Liens.*—*Quieting Title.*—Where the entire estate of a resident householder, exclusive of valid mortgage liens, does not exceed in value $600.00, he may sell or dispose of any or all of his property, and the purchaser thereof will take it free from the lien of judgments founded on contract, or the lien of an execution that may have issued thereon, and an action may be maintained by the purchaser to quiet title of such real estate against the lien of such judgments, provided suit is commenced for that purpose before the real estate is sold under the judgments.

From the Hamilton Circuit Court. *Affirmed.*

*A. F. Shirts* and *L. S. Baldwin,* for appellant.

*William Booth* and *Gavin, Coffin & Davis,* for appellee.

JORDAN, J.—By this appeal the Citizens State Bank of Noblesville, Indiana, assails the judgment of the

lower court quieting the title of the appellee to certain described lands. The facts alleged in the complaint of appellee are substantialy as follows: On January 8, 1883, John Glassar became the owner of the real estate in controversy, situated in Hamilton county, Indiana. On January 3, 1891, said Glassar, together with his wife, executed a mortgage on the land to W. H. English to secure a promissory note of $800.00, which mortgage was duly recorded in the recorder's office of said county, and became a valid lien on the land. On February 8, 1894, he executed another mortgage on the same tract to N. P. Glassar, to secure a debt or note of $700.00, and this mortgage was duly recorded, and became a lien on said real estate. On February 21, 1894, the appellant, the Citizens Bank recovered a judgment against said John Glassar, in the Hamilton Circuit Court, on a promissory note for the sum of $161.00 and cost. May 15, 1885, Nora E. Trout also recovered a judgment in the same court against Glassar upon a contract for $50.00. March 15, 1894, Thomas Davis recovered a judgment in said court against Glassar upon a promissory note for $248.00 and cost. On April 27, 1895, Glassar sold, and by a warranty deed, in which his wife joined, conveyed the real estate in question to appellee, James H. Harris. The land at the time of said sale and conveyance was of the value of only $200.00, over and above the two aforesaid mortgage liens and taxes due thereon. At the time of the sale and conveyance John Glassar was, and for ten years prior thereto had been, a *bona fide* resident householder of said county and State, and so continued to be at the commencement of this action. On the 27th day of April, 1895, and for six months prior thereto, and continuously since that date, the personal property owned and held by Glassar

did not exceed $50.00 in value. That said real estate, subject to said mortgage liens, and his said personal property of the value of $50.00, constituted the entire property and estate, both real and personal, owned and held by Glassar at the date of the sale of the real estate and prior thereto; all of which, at that time, in the aggregate, was less than $600.00 in value. Said realty at the time conveyed to appellee was worth $200.00 and no more, when valued subject to the said mortgage liens. The complaint also alleged that there was due and unpaid, as purchase money for the land from plaintiff to Glassar, who was made a party defendant, the sum of $175.00, and no more, and he paid that amount into court, to be paid as directed by the court, to the person legally entitled thereto. The complaint further averred that the defendants, the judgment creditors, were claiming an interest and right to said real estate, on account of their judgments, adverse to the plaintiff, and that said claim was pretended and unfounded, but served to cast a cloud upon the title of the plaintiff to the land in controversy, and he demanded that the court adjudge to whom the remainder of the purchase money be paid, and that his title be quieted, etc. The bank filed an answer in denial, and also set up affirmative matter. The defendant Glassar filed a cross-complaint against the appellant and the appellee, in which he admitted the sale of the forty acres of land in dispute to the appellee, and he alleged that the land, when he sold it, was incumbered by the two mortgages, as averred in appellee's complaint. He also set up in like manner as in the complaint alleged, the fact that he was a resident householder, and that on April 27, 1895, when he sold and conveyed the land to the plaintiff, it was not worth to exceed $200.00, over and above said mortgage liens; and that all of his property, both real and

The Citizens State Bank of Noblesville *et al. v.* Harris.

personal, owned and held by him at the time of the sale, and since, did not exceed in value $300.00; and he filed with his cross-complaint a verified schedule of all his property of every description whatever, including the money paid into court by the plaintiff, which aggregated in value less than three hundred dollars; and he asked that the balance of the purchase money paid into court by the plaintiff be adjudged exempt, and that the court order the same paid to him, and for all other relief. Appellant unsuccessfully demurred to the complaint and the cross-complaint, and upon the issues joined, the cause was tried by the court, and a judgment was rendered quieting appellee's title to the land, and directing that $158.00 of the money brought into court by appellee be paid over to the cross-complainant, under his claim of exemption as a resident householder.

The questions presented for our determination relate to the sufficiency, on demurrer, of the facts averred in the complaint and cross-complaint to entitle the parties to the relief claimed by each. Counsel for appellant in their brief say: "We are aware of the fact that land may be sold where judgment liens are resting on it, and the purchaser may hold it free from the liens; but in all cases the value of the land, added to the value of the personal property, must be less than six hundred dollars. We know of no case extending this rule to lands which, when the value of the land, without reference to the liens, added to the personalty, exceeds six hundred dollars in value." Courts give a liberal construction to the law that exempts from sale on execution the property of a resident householder, as such an act is intended to protect the insolvent debtor and his family so that they may, in the language of our constitution, "enjoy the necessary comforts of life." Guided by this principle,

this court has not limited the application of our exemption statute to cases only which fall directly within its strict letter, but have applied it to all such as come within the spirit and equity of the law, so as to promote and secure the object intended. Where a judgment is founded on contract, the rule in this State is that the judgment debtor, if he is a resident householder, and his entire estate, real and personal, of every kind and description whatever, within and without the State, does not exceed in value the amount which, under the law, he is authorized to claim as exempt from sale on such judgment, he may, before any such sale occurs, sell or dispose of any or all of his property, and the purhaser or person to whom the property passes, will take it free from the lien of the judgment, or the lien of any execution that may have been issued thereon. As to any real estate so disposed of by such judgment debtor, the person to whom it has been conveyed may maintain an action to quiet his title against the lien of the judgment, provided he commences his suit for that purpose before the real estate is sold under the judgment. This doctrine is fully sustained by the following decisions, some of which expressly affirm it, and others indirectly support it: *Barnard* v. *Brown*, 112 Ind. 53; *Dumbould* v. *Rowley*, 113 Ind. 357; *Ray* v. *Yarnell*, 118 Ind. 112; *King* v. *Easton*, 135 Ind. 353; *Moss* v. *Jenkins*, 146 Ind. 589; *Isgrigg* v. *Pauley*, 148 Ind. 436; *Coppage* v. *Gregg*, 1 Ind. App. 112.

Section 746, Burns' R. S. 1894 (734, R. S. 1881), which provides the mode of ascertaining the value of property levied on by the sheriff, expressly directs that the appraisers shall "proceed to appraise the property according to its cash value at the time, deducting liens and incumbrances." The facts in this case, on any view, disclose that the land was not worth

to exceed $1,800.00 at the time of the sale to the appellee, and, if this value be subjected, as it must be, to the total amount of the two mortgages which incumbered it at the time appellant recovered its judgment, the value of Glasser's interest in the land at the time of the sale would not exceed $300.00. If to this we add his personal estate, which at the same time did not exceed $75.00, his entire estate would not exceed in value $375.00, an amount far below that to which he would have been entitled under his claim of exemption had the appellant, on the day he conveyed the land to appellee, attempted to enforce on execution a sale of his property in satisfaction of its judgment. In this estimate of Glasser's interest in the land, the incohate interest of his wife therein has not been taken into consideration. This would still further decrease that of her husband. See *Taylor* v. *Duesterberg,* 109 Ind. 165; *Isgrigg* v. *Pauley, supra.* In fact, the only interest which Glassar, the debtor, had in the real estate in question at the date appellant obtained its judgment, and to which its lien could have in any manner attached, and all that he held at the time he conveyed it to the appellee was the equity of redemption; and such interest or right was all, even though his pecuniary circumstances had been better than they were, that appellant could have subjected to a sale upon its judgment, and it was the value of this interest in the land which was to be ascertained upon the question of the debtor's exemption; and this, as we have seen, did not exceed $300.00. Section 764, Burns' R. S. 1894 (752, R. S. 1881); *Julian* v. *Beal,* 26 Ind. 220. In a sense, in respect to his interest in the land, the mortgages executed by him upon it might be considered as an alienation of it to the extent of the indebtedness secured thereby. *Vinnedge* v. *Shaffer,* 35 Ind. 341; *U. S. Saving Fund, etc., Co.* v. *Harris,* 142 Ind. 226.

But we need not further extend this opinion in determining the issue in this cause, for the same question, substantially, as here involved was decided adversely to the claim of the appellant in *Barnard* v. *Brown, supra.* In that case the value of the land in dispute, subject to a mortgage lien thereon, together with the value of the personal estate of the judgment debtor, did not aggregate $600.00 at the time the land was sold. It was there held that the debtor, being entitled to have the land exempted at the time of the conveyance, might sell and convey it, and that he and his grantee could maintain a joint action to have the title of the latter quieted and freed from a judgment incumbrance existing against the real estate at the time of the sale; and that the property of the former, owned by him at such time, might be set off to him as exempt from execution; and that no previous demand was necessary in order to maintain the action. The decision in that case must be accepted as materially controlling the question as presented, under the facts in the case at bar. The complaint and cross-complaint were substantially sufficient, and the court did not err in overruling the demurrers thereto.

Judgment affirmed.