## KIRK ET AL. *v.* MACY.

[No. 7,862.　Filed March 12, 1913.]

1. APPEAL.—*Briefs.—Sufficiency.*—A brief, though subject to criticism, is sufficient, if it shows a good faith effort to comply with the rules of court and is in substantial conformity with the same as to the questions presented for determination.　p. 19.

2. EXEMPTIONS.—*Execution Sales.—Statutes.—Construction.* — Although §756 Burns 1908, §714 R. S. 1881, providing that, to be entitled to the benefit of exemption from execution sale, the judgment debtor should make out and deliver to the officer holding the writ a sworn inventory of all his property, the law that exempts from sale on execution is to be liberally construed and its application is not limited to cases which fall directly within its strict letter, but is extended to all cases that come within the spirit and equity of the law, so as to promote and secure the object intended.　p. 20.

3. EXEMPTIONS.—*Execution Sale.—Transfer of Property Exempt.*— Where a judgment is founded on contract, the judgment debtor, if a resident householder, and his entire estate does not exceed in value the amount which he is authorized to claim as exempt from sale on such judgment, may, before such sale occurs, sell or dispose of any or all of his property and the purchaser will take it free from the lien of the judgment, or the lien of any execution that may have been issued thereon.　p. 21.

4. EXEMPTIONS.—*Execution Sale.—Transfer of Exempt Real Estate.—Rights of Purchaser.—Quieting Title.*—Where a judgment debtor on a judgment founded on contract, who is a resident householder and whose entire estate does not exceed in value the amount which he is authorized to claim as exempt from sale on such judgment, disposes of any of his real estate before such sale occurs, the purchaser may maintain an action to quiet his title against the lien of the judgment, if he commences his suit before such real estate is sold under the judgment.　p. 21.

5. EXEMPTIONS.—*Rights of Purchaser of Exempt Real Estate.—Quieting Title.—Equitable Principles.*—The right of the purchaser of real estate, which the vendor could have claimed as exempt from sale on execution, to maintain an action commenced before the execution sale to quiet his title thereto as against the judgment lien rests on equitable principles.　p. 22.

6. EXEMPTIONS.—*Quieting Title to Property Purchased Before Execution Sale.—Complaint.—Sufficiency.—Allegations as to Schedule.*—In an action brought before execution sale to quiet title to

real estate purchased from a judgment debtor, and which such debtor could have claimed as exempt from sale on execution, a complaint alleging that such judgment "is not and at no time has been a lien upon said real estate, or upon any interest therein," was sufficient without alleging that plaintiff had filed a schedule showing the value of the debtor's property, since the filing of such schedule is not essential to maintaining the action. p. 22.

7. APPEAL.—*Review.*—*Objection to Complaint.*—*Ruling on Demurrer.*—Alleged error in overruling a demurrer to a complaint, is not available where the objection on which it was based could have been cured in the trial court by a motion to make the complaint more specific. p. 22.

8. EXEMPTIONS.—*Quieting Title to Property Purchased Before Execution Sale.*—*Complaint.*—*Evidence.*—*Admissibility.*—In an action brought before execution sale to quiet title to real estate purchased from the judgment debtor, evidence of the value of the debtor's property was admissible under the allegations of the complaint that the judgment was not and had at no time been a lien on such real estate. p. 22.

9. APPEAL.—*Review.*—*Evidence.*—*Findings.*—If there is any evidence to sustain the finding of the trial court, the judgment will not be reversed on the evidence. p. 23.

10. EXEMPTIONS.—*Quieting Title to Property Purchased Before Execution Sale.*—*Evidence.*—*Sufficiency.*—In an action brought before execution sale to quiet title to real estate purchased from the judgment debtor, evidence showing that the debtor's interest in real property was worth less than $600 and that he had no unincumbered personal property, but not showing that he did not have incumbered personal property of sufficient value to defeat his claim to exemption, is insufficient to sustain a finding and judgment for plaintiff. p. 23.

From Henry Circuit Court; *Ed Jackson,* Judge.

Action by Emma P. Macy against Kersey H. Kirk, Sheriff of Henry County, and another. From a judgment for plaintiff, the defendants appeal. *Reversed.*

*Samuel H. Brown* and *Clarence H. Beard,* for appellants. *Robert S. Hunter,* for appellee.

SHEA, J.—This action was brought by appellee to enjoin appellants from selling certain real estate, described in the complaint, to satisfy a judgment against same, and to quiet her title thereto.

The complaint was in one paragraph, to which appellants' separate demurrers were overruled. Answer in general denial. Trial by court, finding and judgment for appellee, quieting her title to said real estate. The errors assigned are the overruling of appellants' demurrers, and the overruling of their separate motions for a new trial.

The complaint alleges that appellee is the owner in fee simple of certain described real estate in Henry County; that in August, 1907, appellant, Central Trust and Savings Company, of Newcastle, Indiana, obtained a judgment in the Henry Circuit Court for $436 against Joshua I. Dickinson and John A. Catt; that an execution issued on said judgment, at its instance, which was placed in the hands of appellant Kersey H. Kirk, the duly qualified and acting sheriff of Henry County; that under said writ, appellant, on May 7, 1910, levied on the real estate described, as the property of appellee, and advertised the same for sale on said execution; that said judgment has at no time been a lien on said real estate or any part thereof, or any interest in same; that the sale of the property under execution would create a cloud on appellee's title, which she will be remediless at law to remove. Appellee prays that a temporary injunction be issued to restrain said execution sale, and enjoining and restraining appellants from enforcing the judgment against said real estate; that on final hearing the injunction be made perpetual, and that her title to said lands be quieted and forever set at rest as against the claims of said Central Trust and Savings Company.

It is urged by appellee that appellants' brief does not comply with Rule 22 of this court, in that it fails to set out under the proper headings what the issues were, how 1. decided, etc. While appellants' brief may be subject to criticism, it shows a good-faith effort to comply with the rules of this court, and is in substantial conformity with the same as to the questions presented for determination, which is sufficient. *Howard* v. *Adkins* (1906), 167 Ind.

184, 78 N. E. 665; *Indiana Union Traction Co.* v. *Heller* (1909), 44 Ind. App. 385, 89 N. E. 419.

Appellants argue that the court erred in overruling their demurrers, because, as shown by the record, appellant Central Trust and Savings Company obtained the judgment against Joshua Dickinson and John A. Catt on August 28, 1907, at which time said Catt was the owner in fee simple of the real estate in controversy, therefore the judgment was a *bona fide* lien against the same; that because appellee did not make out and file a schedule of all the property said Catt owned at the time the judgment was rendered, or when the real estate was transferred to her, showing it to be worth less than $600, she was not entitled to have the property set off to her, and that the complaint is bad because it does not allege this was done, citing §756 Burns 1908, §714 R. S. 1881.

This section of the statute reads as follows: "Before any person shall be entitled to the benefit of the provisions of the above recited act, he shall make out and deliver to the sheriff or other officer having the writ, an inventory of all of his or her real estate, within or without this state, money on hand or on deposit within or without this state, rights, credits, and choses in action, and all personal property of every description whatever belonging to him or in which he had any interest at the date of the issuing of the writ, and make and subscribe an affidavit to the same that such inventory contains a full and true account of all such property as required in this act to be set out in the said inventory, had or held by him at the time such writ was issued; and if any such property has been disposed of by him since the issuing of the writ, such affidavit shall show that fact and how the same has been disposed of and what disposition he has made of the proceeds; and until such inventory and affidavit shall be furnished to such officer, he shall not set apart any property to the execution defendant as exempt from execution."

In the case of *Citizens State Bank, etc.* v. *Harris* (1897),

149 Ind. 208, 211, 48 N. E. 856, it is said: "Courts give a liberal construction to the law that exempts from sale on execution the property of a resident householder, as such an act is intended to protect the insolvent debtor and his family so that they may, in the language of our constitution, 'enjoy the necessary comforts of life.' Guided by this principle, this court has not limited the application of our exemption statute to cases only which fall directly within its strict letter, but has applied it to all such as come within the spirit and equity of the law, so as to promote and secure the object intended."

The rule in this State is where a judgment is founded upon contract, the judgment debtor, "if he is a resident householder, and his entire estate, real and personal, of every kind and description whatever, within and without the state, does not exceed in value the amount which, under the law, he is authorized to claim as exempt from sale on such judgment, he may, before any such sale occurs, sell or dispose of any or all of his property, and the purchaser or person to whom the property passes, will take it free from the lien of the judgment, or the lien of any execution that may have been issued thereon. As to any real estate so disposed of by such judgment debtor, the person to whom it has been conveyed may maintain an action to quiet his title against the lien of the judgment, provided he commences his suit for that purpose before the real estate is sold under the judgment." *Citizens State Bank, etc.* v. *Harris, supra.* See, also, *Moss* v. *Jenkins* (1897), 146 Ind. 589, 45 N. E. 789; *King* v. *Easton* (1893), 135 Ind. 353, 35 N. E. 181; *Dumbould* v. *Rowley* (1888), 113 Ind. 353, 15 N. E. 463; *Barnard* v. *Brown* (1887), 112 Ind. 53, 13 N. E. 401.

It appears from the record that appellant Central Trust and Savings Company obtained the judgment on August 28, 1907. On December 28, 1908, said Catt sold and conveyed the real estate in controversy to appellee. On May 7, 1910,

execution was issued and placed in the hands of the sheriff, who proceeded to advertise and sell the land to satisfy the judgment. On May 20, 1910, appellee filed her complaint enjoining said sheriff from making the sale. It is clear that appellee brought suit to quiet her title before sale of the real estate by the sheriff.

In the case of *Moss* v. *Jenkins, supra,* it is said on page 597: "The right of the purchaser of real estate, which the vendor could have claimed as exempt from sale on execution, to maintain an action commenced before the execution sale to quiet his title to such real estate as against such lien rests upon equitable principles, and is not declared by the statute. *Barnard* v. *Brown, supra.*"

Appellee brought suit to quiet her title before the sheriff's sale, alleging in her complaint "that said judgment is not and at no time has been a lien upon said real estate or upon any part thereof, or upon any interest therein." This is sufficient, and it was not necessary for her to file a schedule showing the value of Catt's property before she could maintain this action, neither is the complaint bad for failing to allege this was done.

Appellants' objection that the entire nature of the complaint is not clear, could have been cured in the court below by motion to make more specific. The demurrers were properly overruled.

Appellants insist that the court erred in overruling their motions for a new trial for the following reasons: (1) It was error to admit any evidence as to the value of the property, because no schedule had been made or tendered to the sheriff at any time before or after the sale of the real estate, showing it to be exempt from execution. (2) The decision of the court is not sustained by any evidence.

As to the first contention, evidence of the value of Catt's real estate was properly admissible under the allegations of appellee's complaint as tending to prove that the judgment

was not and had at no time been a lien on the same, although we cannot commend the complaint as a model pleading. If there is any evidence to sustain the finding of the court, the judgment will not be disturbed. The evidence discloses that the real estate in controversy was of the value of from $1,000 to $1,200. It was sold and conveyed to Catt for $1,200, subject to a mortgage of $800. It is also fairly shown that this was the only real property said Catt owned, and under the law his wife, Callie J. Catt, was entitled to one-third of it, consequently his interest in the real property was worth less than $600.

Appellant earnestly insists that it was not shown what personal property said Catt owned, and this presents a serious question. The evidence on this point is as follows: "Q. You may state whether or not you owned any personal property at that time, unincumbered? A. No, sir. Q. You had no personal property, unincumbered? A. No, sir." A careful examination of the record fails to disclose any further evidence as to the value of Catt's personal property. Clearly this is insufficient to show that the real estate in question was exempt from execution. For aught that appears, Catt may have had incumbered personal property of sufficient value to defeat his right to exemption. The decision is therefore not sustained by the evidence.

Judgment reversed, with instructions to sustain appellants' motion for a new trial.

Note.—Reported in 101 N. E. 108. See, also, under (1) 2 Cyc. Anno. 1013-New; (2) 18 Cyc. 1380; (3, 4, 5, 6, 10) 18 Cyc. 1448; (7) 31 Cyc. 718; (9) 3 Cyc. 360. As to whether the proceeds of sale of exempt property are subject to levy, see 66 Am. St. 381.