## LUCKETT v. HAMMOND ET AL.

[No. 22,959. Filed October 17, 1919.]

1. JUDGMENT.—*Basis.—Determination From Pleadings.—Execution.*—Where, in a suit to set aside an execution sale, one paragraph of complaint asked that the judgment be set aside for fraud and the other proceeded on the theory that the property was exempt from execution, a judgment that the sale and the sheriff's certificate and deed be set aside, without cancellation of the judgment on which the execution issued, indicates that the relief was granted under the latter paragraph. p. 487.

2. APPEAL.—*Overruling Demurrer.—Harmless Error.*—Error in overruling a demurrer to a paragraph of complaint was harmless, where the plaintiff recovered judgment under another paragraph. p. 487.

3. EXECUTION.—*Setting Aside Sale.—Sufficiency of Pleading.*—A complaint of an execution debtor and another to set aside an execution sale of lots, alleging in substance that, after recovery of the judgment on which the execution was issued, the execution debtor sold the lots, which after mesne conveyances came into the hands of the other plaintiff, that the execution debtor, at the time he sold the lots and at the time of the issuance of execution, levy and sale thereon, was not the owner of property in excess of $600, and that his failure to claim exemption was due to the fact that he was living in another county and the execution was issued and the lots sold thereon without notice to him and without his knowledge or consent, was sufficient as against a demurrer for want of facts, though carelessly drawn and subject to a motion to make more specific. p. 488.

Luckett *v.* Hammond—188 Ind. 484.

4. EXEMPTIONS.—*Claiming After Sale on Execution.*—An execution debtor may, after he has sold property subject to lien of an execution, include it in his schedule and claim it as exempt. p. 489.

5. EXEMPTIONS.—*Claim of, by Purchaser from Execution Debtor.*—The purchaser of real estate from an execution debtor, if such debtor was not the owner of property of value in excess of $600 at the time of the purchase, may claim the property as exempt or maintain an action before the execution sale either to quiet title as against the execution lien or to enjoin such sale. p. 489.

6. PLEADING.—*Acts Performed After Filing.—Supplemental Complaint.—Amendment.*—In an action to enjoin an execution sale, though allegations showing the sheriff's sale and the execution of a sheriff's deed to have occurred after the filing of the complaint were proper subjects for a supplemental complaint, under §408 Burns 1914, §399 R. S. 1881, the pleading thereof by way of amendment, though not an approved method, was more a defect of form than of substance, since the result sought—the freeing of the property from the cloud cast upon it by the levied execution and later by the sale and deed—was not materially different. p. 489.

7. EXECUTION.—*Exemption.—Delay in Claiming.—Excuse.*—The delay of a judgment debtor to object to a sale on execution on the judgment until more than two months after the sale, urged as *laches* barring his suit to set the sale aside, was justified under allegations of the complaint showing that such debtor was at the time a resident of another county and had no notice or knowledge of the execution, levy and sale. p. 490.

8. EXECUTION.—*Suit by Purchaser of Judgment Debtor to Set Aside Sale.—Parties.*—In a suit by the purchaser of land to enjoin an execution sale thereof to satisfy a judgment against the vendor, the vendor is not a necessary but a proper party, both being interested in the same general relief. p. 490.

9. EXECUTION.—*Setting Aside Sale.—Intervention by Judgment Debtor in Suit by Purchaser.*—In a suit by the purchaser of land to enjoin an execution sale thereof on a judgment against the vendor, on the ground that the property was exempt when it was sold by the latter, equity permits the vendor to intervene, after the sale on execution, and to ask relief on the same ground, where there is a sufficient showing of his lack of notice or knowledge of the execution, levy and sale, and the issue presented is germane to the original proceedings. p. 490.

10. LIS PENDENS.—*Notice.—Purchaser at Execution Sale.*—A purchaser at an execution sale takes with notice of all rights

that may legally grow out of a pending suit to enjoin such sale on the ground that the property is exempt. p. 491.

11. PLEADING.—*Suit to Enjoin Execution Sale.—Amendment.—New Cause.*—In a suit to enjoin an execution sale, on the ground that the property was exempt, a paragraph of amended complaint filed after the execution sale, and seeking relief from such sale on the same ground, was not objectionable as being a new and different cause of action, the facts pleaded being in harmony with the original cause and the character of the demand remaining the same. p. 491.

From Crawford Circuit Court; *William Ridley,* Judge.

Suit by Felix G. Hammond, in which John V. McCoy afterwards intervened as a party plaintiff, against William M. Luckett and another. From a judgment for the plaintiffs, the named defendant appeals. (Transferred from the Appellate Court under Acts 1901 p. 590, §1405 Burns 1914.) *Affirmed.*

*John H. Luckett, Zenor & McIntyre,* and *Pickens, Moores, Davidson & Pickens,* for appellant.
*Stotsenburg & Weathers,* for appellees.

MYERS, J.—This was a suit brought by appellee Hammond on January 13, 1911, in the Crawford Circuit Court against appellant Luckett, and one Funk, then sheriff of Crawford county, to enjoin the latter from selling certain pieces of real estate in that county on the ground that they were not subject to levy and sale on execution. Steps additional necessary to secure the issuing of a restraining order were not taken, and on January 14, 1911, the sale was had and the property sold to Luckett, who was the judgment creditor. Thereafter from time to time various amended and additional paragraphs of complaint were filed by both Hammond and McCoy, the latter having been admitted as a party plaintiff on March 25, 1911. This cause was tried on the issues formed by appellant's answer in two paragraphs to an amended and supplemental first paragraph

Luckett *v.* Hammond—188 Ind. 484.

of complaint, filed March 11, 1912, and an amended additional sixth paragraph, filed October 21, 1912. The trial resulted in a judgment in favor of appellees. For a reversal of that judgment appellant has assigned errors on the rulings of the trial court in overruling his demurrer to each of said paragraphs of complaint, and in overruling his motion for a new trial.

Appellant in the trial court challenged by demurrer for want of facts to state a cause of action each paragraph of the complaint on which the cause was tried. The record before us in this case affirmatively shows that the judgment rests upon the amended additional sixth paragraph. We reach this conclusion under the belief that the relief sought under the first paragraph was that the judgment be set aside for fraud in its procurement, while the sixth proceeds under the theory that the lots were exempt from execution sale by reason of the fact that at the time of the sale of the lots by McCoy and at the time of the issuance and levy of the execution and sale thereon the debtor's property did not exceed in value $600. The finding and judgment was that the sale of the lots by the sheriff be set aside and the sheriff's certificate of sale and deed made and issued thereunder by the sheriff to appellant be canceled and set aside, all of which is in conformity with the alleged facts and prayer of the sixth paragraph. It will be observed from the substance of the judgment here given that the judgment upon which the execution issued was not canceled or set aside, which under the first paragraph would be the basis for setting aside the sale. If we are correct in our conclusion, the overruling of the demurrer to the first paragraph, though erroneous, was a harmless error, and we will give no attention to the objections urged against that paragraph. *Lime City Bldg., etc., Assn.* v. *Black* (1894), 136 Ind. 544, 35 N.

E. 829; *Ervin* v. *State, ex rel.* (1897), 150 Ind. 332, 48 N. E. 249; *Bess* v. *Morgan* (1913), 55 Ind. App. 430, 103 N. E. 1086; *Laramore* v. *Blumenthal* (1914), 58 Ind. App. 597, 606, 108 N. E. 602; *Tracewell, Admr.,* v. *Farnsley* (1886), 104 Ind. 497, 4 N. E. 162.

The record shows that this suit was commenced on January 13, 1911, by appellee Hammond. But in the paragraph in question Hammond and McCoy appear as parties plaintiff and allege in substance that on October 18, 1901, the appellant recovered a judgment against McCoy and others on a promissory note in the sum of $2,000, and on that date McCoy was the owner of lots Nos. 51 and 52 in the town of English, which he afterwards sold and conveyed to one Thomas, and by various mesne conveyances these lots became the property of Hammond, who is now the legal owner of the same; that in December, 1910, appellant caused an execution to issue on the judgment, and the same to be delivered to the sheriff of the county who levied the same upon the lots which were sold; that McCoy was not on the day the lots were sold to Thomas, nor has he been at any time since, the owner of property in value to exceed $600; that by way of excuse on the part of McCoy for his failure to claim the lots as exempt prior to the sale, he shows that at the time of the issuance and continuously thereafter, including the day of sale, he was and now is a resident householder, residing and was present at his home in Orange county, Indiana; that at no time, or in any manner, was any notice of the issuing of the execution served upon him, nor was any demand made upon him for property; that no opportunity was given him by the sheriff to surrender any property or to claim his exemption as a resident householder, which he desired to do and would have done had he been given such opportunity; that prior to any notice, knowledge or consent on his part the execution was issued, levy made

and lots sold.   This paragraph is carelessly prepared, and is subject to a motion to make more specific, yet we have concluded to hold it sufficient to admit evidence tending to prove that at the time of the sale of the lots to Thomas, as well as at the time of the issuing of the execution, levy and sale of the lots, the execution debtor's property real and personal did not exceed in value $600.   In the present case the property involved is the lots sold to Thomas and, as said in *Barnard* v. *Brown* (1887), 112 Ind. 53, 58, 13 N. E. 401, 403: "The material inquiry, therefore, as to the value of Brown's (here McCoy's) property had relation to the time of the conveyance, and not to the time of the commencement of this suit."

It is well settled that an execution debtor may, after he has sold property which was subject to a lien of an execution, include it in his schedule and claim it as exempt.   So, also, upon well-recognized equitable principles may the purchaser of real estate claim it as exempt from execution sale, if his vendor could have done so.   And, if need be, such purchaser may maintain a suit commenced before the execution sale to quiet his title to such real estate as against such lien or to enjoin the sale on the ground that, at the time of his purchase, his vendor was not the owner of property in value to exceed $600.   *Moss* v. *Jenkins* (1896), 146 Ind. 589, 598, 45 N. E. 789; *Godman* v. *Smith* (1861), 17 Ind. 152; *Vandibur* v. *Love* (1857), 10 Ind. 54; *Kirk* v. *Macy* (1912), 53 Ind. App. 17, 21, 101 N. E. 108; *Rich* v. *C. Callahan Co.* (1912), 179 Ind. 509, 101 N. E. 810.

In the instant case we know, from the third paragraph of the original complaint, that Hammond commenced this suit prior to the execution sale, alleging therein that McCoy, his remote grantor, had property not to exceed $600 on the day he

sold the lots to his grantee Thomas. Also, that on the day the judgment was rendered, and continuously thereafter, said lots were, and are at this time, exempt from execution sale, under the exemption laws of the State of Indiana, and prayed that the defendant Luckett and the sheriff be enjoined from selling the lots. The substance of the third paragraph is found in the paragraph in question with the additional facts which occurred after the sale. The sheriff's sale and the execution of a sheriff's deed to appellant each occurred after the filing of the original complaint, and were matters clearly proper for a supplemental bill (*Patten* v. *Stewart* [1865], 24 Ind. 332; §408 Burns 1914, §399 R. S. 1881), but they were included as a part of the so-called amended pleading. This form of pleading has not been approved, but as applied to this case we regard the criticism more in the nature of a defect in form than a defect in substance. *Jordan* v. *Indianapolis Water Co.* (1902), 159 Ind. 337, 349, 64 N. E. 680. These additional facts to an otherwise sufficient complaint are effective to change the extent of the relief asked, but the general result—freeing the property by judicial action from the cloud cast upon it by the levied execution and later by the sale and deed—is not materially different. At least, the additional facts are in harmony with the cause of action made by the original complaint. *Richwine* v. *Presbyterian Church, etc.* (1893), 135 Ind. 80, 34 N. E. 737.

True, the paragraph in question was not filed until October 21, 1912, but it purports to be an amendment of one previously filed. The transcript of the order-book entries warrant the conclusion that McCoy's objection to the sale and his insistence that it be set aside dates from March 25, 1911, or two months and eleven days after the sale. On this

fact appellant bases his claim of such *laches* on the part of McCoy as will preclude him from maintaining a suit to set the sale aside. The question thus suggested involves the elements of reasonable time and reasonable diligence, which are fully covered by the allegations of fact under consideration, and this being true, McCoy has presented an excuse justifying his delay in not more timely objecting to the sale and as a resident householder claiming the property in question as exempt from sale under our exemption laws. As we have seen, Hammond was at that time individually prosecuting a suit in opposition to the execution sale as he was authorized to do under the holdings of this court in the cases last cited. McCoy, therefore, was not a necessary but a proper party. Both were interested in the same general relief; McCoy to protect his warranty, and Hammond to protect his lots from execution sale. This suit is governed by equity procedure which is sufficiently elastic to admit McCoy as a party when, as here, a sufficient excuse is shown, and the issue presented by him is within and germane to the original proceedings then in motion in opposition to the execution sale. Of this right, as well as all other rights that might legally grow out of the pending litigation, the *pendente lite* purchaser must take notice. *Fee* v. *Moore* (1881), 74 Ind. 319, 324; *Buser* v. *Shepard* (1886), 107 Ind. 417, 424, 8 N. E. 280; *Rothschild* v. *Leonhard* (1904), 33 Ind. App. 452, 459, 71 N. E. 673; *Schaffner* v. *Voss* (1910), 46 Ind. App. 551, 556, 93 N. E. 235; *Holden* v. *City of Alton* (1899), 179 Ill. 318, 53 N. E. 556.

Appellant also insists that this paragraph counts upon a new and different cause of action from that stated in either paragraph of the original complaint. From what we have said, it is evident that in our view his position is untenable. For the cause of ac-

tion and the character of the demand throughout have remained the same. *Cleveland, etc., R. Co.* v. *Bergschicker* (1903), 162 Ind. 108, 110, 69 N. E. 1000.

Appellant has assigned many specifications in support of his motion for a new trial, but upon the theory that the decision of the court and judgment rests on the sixth paragraph it will serve no good purpose to give attention to the reasons offered which have reference to the first paragraph. By eliminating the immaterial specifications we still have before us the contention of insufficient evidence.

We have taken the time to examine the evidence as it appears in the record, and, while it is not as convincing in appellees' behalf as they would have us believe, yet, when it is considered with a view of no evidence to support the material allegations of the sixth paragraph, a question is presented which we cannot affirm. When the evidence is considered as to the value of McCoy's property on the day he sold the lots to Thomas and thereafter down to the day of trial in connection with the rights of his wife in his property as affected by a sale on execution (*Isgrigg* v. *Pauley* [1897], 148 Ind. 436, 439, 47 N. E. 821; *Currier* v. *Elliott* [1895], 141 Ind. 394, 405, 39 N. E. 554), we are not prepared to say that there is no evidence to support the decision of the court.

We have no reason to believe the trial was unfair, and the judgment is affirmed.

NOTE.—Reported in 124 N. E. 675. Execution: purchaser at sale as purchaser *pendente lite*, Ann. Cas. 1918C 66; injunction against sale, Ann. Cas. 1918C 152. See under (3) 17 Cyc 1284; (4) 18 Cyc 1474; (7, 9) 17 Cyc 1283.