## COWAN TENT NO. 61 ET AL v. TREESH.

[No. 25,351.    Filed January 25, 1927.]

1.  EXEMPTIONS.—*Exempt property is not affected by execution liens.*—
Property exempt from execution is not affected by execution liens
and may be sold or exchanged even while writs of execution are in
the hands of the proper officer.    p. 28.

2.  EXEMPTIONS.—*Purchaser of exempt property may quiet title thereto.*—
A purchaser of real estate from a judgment defendant who could
have claimed the same as exempt from sale on execution may main-
tain an action to quiet title to such real estate if commenced before
it is sold under the execution on the judgment on which the execu-
tion issued.    p. 28.

3.  EXEMPTIONS.—*In purchaser's suit to quiet title against judgment
creditors, value of debtor's property at time of conveyance is material
inquiry.*—In an action to quiet title to property that was exempt
from sale on execution at the time of a conveyance thereof by the
debtor, the material inquiry is what was the value of the debtor's
property at the time of the conveyance and not at the time of the
commencement of the action.    p. 29.

4.  EXEMPTIONS.—*Exemption laws should be liberally construed in
favor of the debtor.*—Exemption laws should be liberally construed
in favor of the debtor, as they are for the benefit of his family as
well as himself.    p. 29.

5.  EXEMPTIONS.—*Purchaser from debtor may quiet title to exempt
property although debtor has not claimed exemption.*—Where real
estate that might have been claimed as exempt was sold on fore-
closure of a mortgage thereon, the purchaser acquired all the rights
of the mortgagor therein, and he could convey said land to another
free from the lien of a judgment on which no sale had been made,
although the judgment debtor had never claimed exemption, and
said grantee could quiet his title as against said judgment (*Moss
v. Jenkins,* 146 Ind. 589, distinguished).    p. 31.

6.  EXECUTION.—*Judgment creditor had no equitable right to redeem
from sale on foreclosure of the second of two mortgages which exceeded
value of the property.*—Where real estate that was incumbered by
two mortgages for more than its value was sold, on foreclosure of
the second mortgage, subject to the first mortgage, a subsequent

judgment creditor had no lien thereon or equitable right to redeem, as the debtor had no interest therein to which the lien of the execution could attach. p. 31.

From DeKalb Circuit Court; *Walter D. Stump*, Special Judge.

Action by Charles P. Treesh against Cowan Tent No. 61, etc., and others. From a judgment for plaintiff, the named defendant appeals. (Transferred to the Supreme Court under §1357 Burns 1926). *Affirmed.*

*W. W. Sharpless* and *Harry C. Springer*, for appellants.

*W. H. Mountz* and *J. D. Brinkerhoff*, for appellee.

WILLOUGHBY, J.—Complaint by appellee to quiet title to certain real estate in DeKalb county. From a decree in favor of appellee quieting his title, appellant appeals. The court found the facts specially, which are as follows:

On November 4, 1913, Francis E. Bradley, acquired title by deed of conveyance, executed by Oliver Haag and his wife, Clara Haag, to the following described real estate in the county of DeKalb in the State of Indiana, to wit: lot number eight (8) in block numbered two (2) in Thomas' South addition to the city of Garrett, for which the said Bradley paid the sum of one thousand and thirty dollars ($1,030), of which purchase price, the sum of six hundred dollars ($600) was paid by the assumption of a certain mortgage on said premises dated October 31, 1913, said mortgage being held by the DeKalb County Building and Loan Association.

On said date, November 4, 1913, said Francis E. Bradley and his wife executed a second mortgage on the said real estate to Oliver Haag and his wife, Clara Haag, securing the sum of four hundred dollars ($400). That on June 9, 1916, the defendants herein, Cowan Tent No. 61, secured a judgment in the DeKalb Circuit

Court on its promissory note against the said Francis E. Bradley for the sum of one hundred and sixty five dollars ($165) and cost amounting to $6.35, which judgment has never been paid or satisfied and upon which judgment execution has never been issued, as appears from the records of the court.

That on November 4, 1916, said mortgage to Oliver Haag and his wife, Clara Haag, was foreclosed in the DeKalb Circuit Court, judgment for five hundred and fifty three dollars and twenty six cents ($553.26) and costs being rendered therein against said Francis E. Bradley, and in said judgment, said real estate was ordered sold to satisfy said judgment and costs.

That said real estate was sold at sheriff's sale on December 16, 1916, pursuant to said judgment and order of sale, to said Oliver Haag and his wife, Clara Haag, for the sum of five hundred and fifty three dollars and twenty six cents ($553.26) there being then existing a prior lien thereon of the said mortgage executed on October 31, 1913, to said DeKalb County Building and Loan Association, on which there was due on December 16, 1916, the sum of four hundred and ninety six dollars ($496), which sum was thereafter paid by said Haag and wife, in addition to the amount of said judgment. The deed of the sheriff of DeKalb county for said premises was executed and delivered to said Oliver Haag and his wife, Clara Haag, on December 17, 1917, there having been no redemption from said sale of said real estate during the redemption period, and the said Francis E. Bradley made no claim for exemption, prior or subsequent to the sale of said premises on December 16, 1916, for any proceeds that might accrue from such sale.

That the said defendant herein, Cowan Tent Lodge No. 61, and the DeKalb County Building and Loan Association were not made parties defendant in said proceedings to foreclose said mortgage held by said Oliver

Haag and his wife, Clara Haag, on said real estate.

That on March 20, 1918, said Oliver Haag and his wife, Clara Haag, conveyed said real estate to the plaintiff herein, Charles P. Treesh, for the consideration of $1,000, under which deed, the plaintiff now claims the premises.

That during the period between November 4, 1913, and December 16, 1916, the said Francis E. Bradley was a resident householder in the county of DeKalb, and State of Indiana, and, as such, was entitled to an exemption of $600 as to judgments on contract and that during said period, the said Francis E. Bradley did not at any time own property other than said real estate either within or without the State of Indiana.

That the fair market value of said real estate during the period between November 4, 1913 and December 16, 1916, was $1,000 and the said Francis E. Bradley, during said period owned no other property, real or personal, within or without the State of Indiana.

That the fair market value of said real estate on February 22, 1921, the date of the filing of the complaint herein was $3,000, by reason of improvements made thereon by Charles P. Treesh, the plaintiff, since December 17, 1917.

Upon these facts, the court concluded as a matter of law: (1) That appellee was the owner of the real estate; (2) that appellant did not have a valid lien upon said real estate; and (3) that appellee was entitled to have his title to said real estate quieted as against appellant.

The decree having been rendered in accordance with the conclusions of law, appellant appeals and contends that the court erred in the second and third conclusions of law.

Section 22 of the Bill of Rights, being §74 Burns 1926, provides as follows: The privilege of the debtor to en-

joy the necessary comforts of life shall be recognized by wholesome laws exempting a reasonable amount of property from seizure for sale for the payment of any debt or liability hereafter contracted. Pursuant to that provision of the Constitution, the legislature provided for an exemption not exceeding in value $600 owned by any resident householder, §769 Burns 1926. The legislature also prescribed the manner in which this exemption could be secured by the debtor, §779 Burns 1926.

Property exempt from execution is unaffected by execution liens and may be sold or exchanged even while the writs of execution are in the hands of the 1. proper officer. Freeman, Executions §197; *Godman* v. *Smith* (1861), 17 Ind. 152; *Taylor* v. *Duesterberg, Admr.* (1887), 109 Ind. 165, 9 N. E. 907; *Barnard* v. *Brown* (1887), 112 Ind. 53, 13 N. E. 401.

The purchaser of real estate from a judgment defendant who could have claimed the same as exempt from sale on execution may maintain an action 2. to quiet title to such real estate if commenced before it is sold under execution upon such judgment. *Barnard* v. *Brown, supra; Dumbould* v. *Rowley* (1888), 113 Ind. 353, 15 N. E. 463; *King* v. *Easton* (1893), 135 Ind. 353, 35 N. E. 181; *Moss* v. *Jenkins* (1897), 146 Ind. 589, 45 N. E. 789; *Kirk* v. *Macy* (1913), 53 Ind. App. 17, 101 N. E. 108; *Citizens State Bank* v. *Harris* (1897), 149 Ind. 208, 48 N. E. 856.

In *Barnard* v. *Brown, supra,* it was held that where one who has a right to the benefit of the exemption law owns property, real and personal, the aggregate value of which is less than $600 and sells real estate, there being at the time judgments against him, he and his grantee may maintain a joint action to have the latter's title to such real estate quieted and freed from the apparent liens and encumbrances of such judgments and the property of the former owned at the time of

such conveyance set off to him as exempt from execution and no demand is necessary to the maintenance of such action.

In case of a suit to quiet title against such liens, the material inquiry is what was the value of the debtor's property at the time of the conveyance and not at the time of the commencement of the suit to quiet title.

In *Pomeroy* v. *Beach* (1898), 149 Ind. 511, 49 N. E. 370, it is stated that it has been uniformly held in this state that the constitutional provision relating to exemption and the statutes passed pursuant to the requirements thereof were based upon considerations of public policy and humanity and it was not alone for the benefit of the debtor but his family also that such laws were enacted and the same should be liberally construed in favor of the debtor. As supporting this view see, *Kelley* v. *McFadden* (1881), 80 Ind. 536; *Astley* v. *Capron* (1883), 89 Ind. 167; *Butner* v. *Bowser* (1885), 104 Ind. 255, 3 N. E. 889; *Junker* v. *Hustes* (1888), 113 Ind. 524, 16 N. E. 197; *Chatten* v. *Snider* (1890), 126 Ind. 387, 26 N. E. 166.

The appellee in the instant case, through his grantors' purchase at the sheriff's sale, acquired all the rights of the judgment debtor in this property. *Weaver* v. *Guyer* (1877), 59 Ind. 195; *Parker* v. *Rodman* (1882), 84 Ind. 256.

The appellant relies on the case of *Moss* v. *Jenkins*, *supra*, as supporting his contention is this case, but that case is easily distinguishable from the one at bar. In that case, the court says: "It appears, from the special finding, that one Vestal recovered a judgment on contract against Alexander Castor before a justice of the peace. Afterwards an execution was issued on said judgment and returned by a constable indorsed no property found. That afterwards on the 25th day

of May, 1889, a transcript of said judgment, including
said constable's return, was filed in the office of the
Hamilton Circuit Court, and was duly recorded in the
proper orderbook and docketed in the proper judgment
docket of said court. . Afterwards, on June 13, 1895,
the proper steps were taken and an execution was issued
on said judgment to the sheriff of said Hamilton county.
The sheriff demanded property of said Castor whereon
to levy said execution, but he did not deliver or point
out any property for the sheriff to levy upon.   After-
wards the sheriff levied said execution upon the property
in controversy, and after taking proper steps by giving
notice, etc., sold the same to appellant, Moss, for the
amount of said judgment, interest and costs and delivered
to said appellant a sheriff's certificate therefor.   That at
said time appellant, Moss, had no knowledge of the
amount of property which Castor, the judgment debtor,
then owned, or the amount he had owned at any time
since the rendition of said judgment; that said Castor
nor any one in his behalf, had ever filed a schedule claim-
ing said real estate nor any property as exempt from
either of the executions issued on said judgment.   That
said Castor was the owner of the real estate in contro-
versy on and before the 15th day of August, 1889; that
on said day he sold and conveyed said real estate to one
William H. Craig, who paid full value therefor, and that
said Craig sold and conveyed said real estate to appellees
on October 29, 1890, who paid full value therefor; that
each of said deeds was properly recorded within forty-
five days after they were executed; that when said judg-
ment was rendered, and at all times since, said Castor
has been a resident householder of Hamilton county,
Indiana, that on the day said judgment was rendered
and ever since said Castor has not owned, possessed or
acquired property of the value of $600, including the
property in controversy.   Appellants insist that as

Castor and no one in his behalf claimed the property in controversy as exempt from execution before sale that the sale was valid. Appellees claim that as Castor had less than $600 worth of property, neither the judgment nor execution was a lien on the property, and the same was exempt and no duty rested on Castor, or any one else, to claim said property as exempt before said sale, and such sale was invalid." This court held that the sale was valid and that the failure to claim exemption before sale was a waiver of such right.

It may be observed that in the case of *Moss* v. *Jenkins, supra,* the real estate had been sold by the sheriff on the judgment upon which exemption was claimed but 5, 6. the exemption was claimed after the sheriff's sale. In the instant case, there never was any sale of the real estate in controversy upon the Cowan Tent judgment. The real estate in the instant case was sold by the sheriff upon the foreclosure of the mortgage of Haag and Haag against Bradley. But appellant claims that Cowan Tent not having been made a party to the foreclosure proceedings, the foreclosure was a nullity as to it, and under the rules of equity, they had a right to redeem from the sale. Appellant not having been made a party to the foreclosure proceedings, therefore, in addition to its statutory right to redeem, which it failed to exercise, it was entitled to its day in court that it might be determined as to whether it has such right in equity, to be determined by the facts found by the court, and the court, after hearing the evidence, has found that at the time of the sale, the property was incumbered by mortgages the amount of which was greater than its value. It was sold upon one of these mortgages subject to the other, and the sale price, subject to the mortgage, was more than the market value of the property at the time of the sale. It is apparent therefore that at the time of the sheriff's

sale, Bradley had no equity in the property, for there was no value above the amount of the mortgages thereon. In a sense, he had alienated the property for its full value and hence had no interest subject to the execution sale. *Citizens State Bank* v. *Harris, supra.*

There was no occasion for Bradley to make any claim for exemption, for there was no value there to exempt. It is a well-established principle that property exempt from execution is unaffected by execution liens, and that it may be sold and exchanged even when writs of execution are in the hands of the proper officers. Such property is exempt from execution for the reason that there is no value to which the lien of the judgment and the execution can attach. *King* v. *Easton, supra; Barnard* v. *Brown, supra; State, ex rel.,* v. *Harper* (1889), 120 Ind. 23, 22 N. E. 80.

In the instant case, after paying the prior liens, there would have been nothing either for the owner or for the judgment creditor had he chosen to redeem from the sheriff's sale within the statutory period. The only purpose that appellant could have had in redeeming would have been to get the benefit of the excess of value over the sale price, but there was at the time of such sale no excess, for the improvements had not then been made. If appellee knew of the judgment at the time he purchased the property, he also knew that he purchased for full value from a purchaser at sheriff's sale who paid full value, and he had a right to infer that appellant, having failed to assert its statutory right to redeem, would not thereafter seek to redeem in equity, for, in equity, as well as under the statute, there was nothing for it.

In *Citizens State Bank* v. *Harris, supra,* it is said, where a judgment is founded on contract, the rule in this state is that the judgment debtor, if he is a resident householder and his entire estate, real and personal, of

every kind and description whatever, within and without the state, does not exceed in value the amount which, under the law, he is authorized to claim as exempt from sale on such judgment, he may, before any such sale occurs, sell or dispose of any or all of his property, and the purchaser or person to whom the property passes, will take it free from the lien of the judgment or the lien of any execution that may have been issued hereon. As to any real estate so disposed of by such judgment debtor, the person to whom it has been conveyed may maintain an action to quiet his title against the lien of the judgment, provided he commences his suit for that purpose before the real estate is sold under the judgment.

We find no error in the second and third conclusions of law.

Judgment affirmed.